USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPERIENCE HENDRIX, L.L.C., et al.,

                        Plaintiffs,

-v-

ANDREW PITSICALIS, et al.,

                        Defendants.

17 Civ. 1927 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On September 13, 2018, plaintiffs filed a motion requesting a conference pursuant to Federal Rule of Civil Procedure 37 to take up the alleged spoliation of evidence by defendant Andrew Pitsicalis and defendant entities associated with him. Dkt. 208. On September 19, 2018, the Court granted this motion and scheduled an evidentiary hearing for October 26, 2018. Dkt. 213. On October 18, 2018, in anticipation of that hearing, plaintiffs filed a motion seeking an adverse inference and sanctions for the alleged spoliation. Dkt. 244. In its November 27, 2018 decision resolving that motion, the Court found that Pitsicalis had engaged in multiple forms of intentional spoliation of evidence. Dkt. 269. To compensate plaintiffs for the fees and expenses incurred in litigating the spoliation motion, the Court further directed plaintiffs to file a declaration detailing the fees and costs uniquely attributable to plaintiffs' motion for sanctions based on spoliation of evidence and the ensuing litigation on that motion, which culminated in the October 26 evidentiary hearing. Dkt. 261.

In response, plaintiffs have submitted such a declaration, by plaintiffs' lead counsel, Dorothy M. Weber, Esq. Dkt. 274 ("Weber Decl."). The Weber Declaration in turn attaches relevant excerpts of the time records of her law firm, Shukat Arrow Hafer Weber & Herbsman,

L.L.P. ("Shukat Arrow"), Dkt. 274-1 ("Shukat Arrow Time Records"); a declaration by co-counsel Michael O. Crain, Esq., of the Crain Law Group ("Crain"), which embeds his time records, Dkt. 274-2; and invoices furnished to plaintiffs' counsel by plaintiffs' computer forensic expert's consulting firm, Cloud9Discovery LLC, Dkt. 274 ("Cloud9"). In response, defendants have submitted a document objecting to plaintiffs' fees and expenses. Dkt. 276.

## I. Applicable Legal Standards

When a court grants a discovery motion pursuant to Federal Rule of Civil Procedure 37, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A). "Even outside the context of a Rule 37(e) dispute, the Court has the inherent authority to award attorneys' fees and costs to 'punish the offending party for its actions and deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.'" *Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 584–85 (S.D.N.Y. 2017) (quoting *Best Payphones, Inc. v. City of N.Y.*, No. 01-cv-8506, 2016 WL 792396 (E.D.N.Y. 2016)).

In assessing the reasonableness of the proposed award, the Court must determine "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011); *see generally Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (describing the "lodestar approach"); *see also Crescent Publ'g Grp., Inc. v. Playboy Enters.*, 246 F.3d 142, 150 (2d Cir.2001) (applying lodestar method in copyright infringement case). In essence, the Court considers "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*,

2

575 F.3d 170, 174 (2d Cir.2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany*, 493 F.3d 110, 112, 118 (2d Cir.2007), *amended on other grounds by* 522 F.3d 182 (2d Cir.2008)). A reasonable hourly rate should be commensurate with the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). The relevant community is this District. *See Arbor Hill Concerned Citizens*, 522 F.3d at 190–91.

The party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court must carefully analyze the hours for which attorneys seek compensation, taking care to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933) (internal quotation marks omitted).

## II. Discussion

The Court has carefully reviewed the materials submitted by plaintiffs in support of their fee request. The Court has also considered defendants' argument that the time and expenses for which plaintiffs seek reimbursement from the defense were not demonstrably related to or reasonably incurred in connection with litigation on the spoliation motion. The Court has also independently assessed the reasonableness of plaintiffs' various time and expense outlays. In so doing, the Court has drawn on its familiarity with this case in general and this spoliation litigation in particular. The Court has also drawn on its familiarity with commercial litigation in this District, including as to customary billing rates and practices.

On its review, the Court finds plaintiffs' submissions persuasive, detailed, and complete. The Court approves as reasonable the billing rates of all timekeepers. The Court also finds the

descriptions used in plaintiffs' time entries to be commendably detailed and to make evident the connection between the work described and the spoliation litigation. The Court also finds the expenditures for which plaintiffs seek reimbursement, including those reflected on Cloud9's invoices, to have been reasonably incurred and to be reasonable in amount.

In this regard, the Court rejects defendants' crimped conception of the spoliation issue litigated. Plaintiffs properly established Pitsicalis's spoliation by means of the installation and use of cleaning software on two computers by depicting this practice as one part of a broader pattern of spoliation that, as emerged during the spoliation litigation, Pitsicalis contemporaneously (and audaciously) undertook after the onset of this litigation. The other acts of spoliation that plaintiffs established included Pitsicalis' deletion of text messages (including ones in which he appears to have engaged in marketing Jimi Hendrix-branded items, the very practice that is the subject of this lawsuit) and his permitting the disposal of a desktop computer situated in his office during the time period covered by this case. Plaintiffs' decision to probe these related alleged discovery improprieties at the hearing was proper. And the hearing demonstrated that in fact, Pitsicalis had engaged, intentionally, in all three types of spoliation.

In an excess of caution, the Court will, however, reduce by 10% the award of legal fees sought by plaintiffs.[1] The Court does so for two reasons. First, this reduction accounts for the possibility that discrete time entries covered, in addition to work on the spoliation litigation, other discovery issues in the case that fell outside the scope of the spoliation motion. *See, e.g.,* Shukat Arrow Time Records at 1 (entry of 10/1/2018) ("Draft/Revise Letter to Court Regarding Sanctions *and Outstanding Discovery*") (emphasis added); *id.* (entry of 10/2/2018) ("draft, revise, file letter to Court regarding sanctions *and outstanding discovery, review prior decisions*

---

[1] This reduction does not apply to the award of expenses sought by plaintiffs.

*and pleadings in WA Action*") (emphasis added). Second, this reduction accounts for the possibility that the work described in certain discrete time entries potentially could have been accomplished with greater efficiency. For avoidance of doubt, the Court does not find any actual inefficiencies. Quite the contrary, plaintiffs' counsels' time records reflect commendable discipline in staffing.[2] The Court instead makes this reduction purely to cover the possibility that some tasks described could have been done at marginally lesser cost.

## CONCLUSION

The Court accordingly orders that defendant Andrew Pitsicalis—and the other defendants denoted as the "PHP defendants" in the Court's November 27 decision—compensate plaintiffs for the following amounts: (1) for the work of Shukat Arrow, $50,630.62; (2) for the work of the Crain Law Group, $5,469.75; and (3) for the work of Cloud9, $21,533.50. These total **$77,633.87**. Defendants are directed to pay this sum to Shukat Arrow **by Thursday, December 27, 2018**, and to file a contemporaneous declaration on the docket of this Court attesting that this payment has been made in full. Defendants should not expect this deadline to be extended.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 17, 2018
New York, New York

---

[2] Also commendably, plaintiffs' counsel—both the lawyers from Shukat Arrow and Crain—have not billed for travel time to and from the October 26 hearing.

5