UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
EXPERIENCE HENDRIX, L.L.C., a
Washington Limited Liability Company,
and AUTHENTIC HENDRIX, LLC, a
Washington Limited Liability Company,
　　　　　　　　　　　　Plaintiffs,

　　　-against-

ANDREW PITSICALIS, an individual;
LEON HENDRIX, an individual;
PURPLE HAZE PROPERTIES, LLC, a
Nevada Limited Liability Company;
ROCKIN ARTWORK, LLC, a Nevada
Limited Liability Company; CARMEN
COTTONE a/k/a CARMEN THOMAS
ANDOLINA a/k/a CARM COTTONE, an
individual d/b/a PARTNERS AND
PLAYERS, a New York Company and
d/b/a DYNASTY GOURMET FOODS, a
New York Company; C-LIFE GROUP,
LTD., a New York Corporation; and BIC
CORPORATION, a Connecticut
corporation; FIREFLY BRAND
MANAGEMENT, LLC, a California
Limited Liability Company; FIREFLY
CONSUMER PRODUCTS, INC., a
California Corporation; CYNTHIA
MODDERS, an individual;
GRASSROOTS CLOTHING, LLC, d/b/a
GRASSROOTS CALIFORNIA, a
Colorado Limited Liability Company;
KURT S. ADLER, INC., a New York
Corporation; FREEZE, a division of
CENTRAL MILLS, INC., and GREEN
CURES & BOTANICAL
DISTRIBUTION, INC.,
　　　　　　　　　　　　Defendants.
------------------------------------------------------x

Case No.: 1:17-cv-1927 (PAE)

**OPPOSITION TO CROSS-MOTION FOR SANCTIONS**

## INTRODUCTION

Plaintiffs' two-pronged motion both opposing Defense Counsel's withdrawal while at the same time moving to revoke Defense Counsel's pro hac vice status and sanction Defense Counsel contradict each other, are untimely, are without standing, and rely overwhelmingly on issues already fully brought before and ruled upon by the Court. Plaintiffs' motion rests, yet again, on unfounded personal attacks, attempts to put privileged communications at issue, and misrepresentations. In short, this is just the latest installment in Plaintiffs' ongoing effort to prevent this case from being decided on the merits by making this case about the lawyers and not the parties, and to remove the PHP Defendants' counsel before there is ever a hearing of this case on the merits.

## PLAINTIFFS' MOTION IS UNTIMELY

Defense Counsel brought their motion to withdraw on December 19, 2018, 2018 (DKT 280). The Court ruled on that motion on December 21, 2018 (DKT 282). In that ruling, the motion to withdraw was granted as to Carmen Cottone/Andolina and held in abeyance as to the corporate Defendants until January 10, 2019, to allow time to obtain replacement counsel. As such, the matter is decided and the time to oppose the withdrawal has passed. Moreover, Plaintiffs articulate no reason for opposing the withdrawal other than delay.

For the same reasons, the motion for sanctions is equally untimely, in addition to the fact that the vast majority of issues raised by Plaintiffs' motion for sanctions have previously been raised and ruled upon (e.g., Defense Counsel's role as business counsel or as a prior owner of Rockin Artwork, or any conduct during

discovery). Thus, only the motion to withdraw and the two New York depositions are newly before the Court—depositions Defense Counsel offered several times to postpone given the Court's ruling in the receivership matter to which Plaintiffs rejected.

## PLAINTIFFS HAVE NO STANDING AND PUT ATTORNEY-CLIENT PRIVILEGE AT ISSUE

Plaintiffs have no standing to raise any issue with the representation of the licensee Defendants. Plaintiffs are in opposition to the licensees as well as the other Defendants and are blatantly interfering with Defendants' choice of counsel and attempting to evaluate the nature of the attorney-client relationship. This is wholly improper and has no foundation in law or fact or good faith argument for extension of the law. As raised in previous submissions to the Court, undersigned counsel would have to rely on privileged communications to defend issues about what legal advice was given, factual context thereto, any timing thereof, and most importantly the clients' response thereto. Thus, by attempting to bring these matters into issue, Plaintiffs create a situation where all kinds of accusations can be levied with no defense given, less attorney-client privilege be broken.

## PLAINTIFFS ARE NOT IN A POSITION TO EVALUATE UNWAIVABLE CONFLICT

There was no reason for Defense Counsel to withdraw until the contempt ruling of December 3, 2018, was reduced to writing the day after this motion was filed. However, as of mid-December it became clear to Defense Counsel that it had to withdraw because: a) the December 3, 2018, oral ruling by the California Court in the Receivership action, in which the court ruled that all financial control of Rockin Artwork and Purple Haze Properties was being transferred to the Receiver; b) the fact

that none of the licensee Defendants' depositions were completed; and, c) consultation with outside counsel. Based on these facts, it is indisputable that Defense Counsel promptly advised the Court on December 14, 2018, that the withdrawals were coming, and then filed them within the time specified in the joint letter thereafter. Further, the conflict was solely the function of the Receiver being granted full financial control of the PHP Defendants' finances, *something that was only reduced to written order on January 3, 2019—nearly a month after Defense Counsel filed the motion to withdraw* and a day *after* the motion at bar was filed. Thus, as soon as the *potential* conflict was identified, Defense Counsel took prompt action.

Plaintiffs' Counsel was aware of the withdrawal since at least the joint letter of December 14, 2018, and took no action until January 2, 2019, and, thus, thereby adding unfounded delay to their claims. This is in addition to the apparent position that Plaintiffs are able to properly judge the conflict asserted by Defense Counsel. Plaintiffs then argue the impossible co-positions that Defense Counsel either should NOT be allowed to withdraw in spite of the conflict or because the conflict does not exist, while at the same time Plaintiffs argue Defense Counsel knew of the conflict well prior thus should be sanctioned for not withdrawing sooner. This also ignores that these issues would also presumably have been known to Plaintiffs' Counsel and could have also been raised previously.

The above is so convoluted because Plaintiffs are trying to impose their opinion on Defense Counsels' role in the attorney-client relationship, something which by definition they cannot know all aspects of and have a clear bias about as they are representing the opposing parties! And all of this ignores that Defense Counsel's basis for withdrawal has already been found to be sufficient.

### PERSONAL ATTACKS AND SMEARS ARE IMPROPER

Plaintiffs' Counsel continues to pursue its misguided strategy of personal attacks on undersigned counsel. Such personal attacks are an improper distraction from the real issues at bar in this litigation. Previously, Defense Counsel offered to address any and all such personal attacks if the Court so wishes and renews that offer here. However, unless and until directed by the Court to do so, Defense Counsel will not be engaging in such unwarranted mudslinging.

### CONCLUSION

Plaintiffs' motion should be denied as it is internally inconsistent, untimely, lacks standing, attempts to put privileged communications at issue, wrongfully interferes with the attorney-client relationship, and is based mainly on issues already raised before and decided by the Court. In sum, it is simply another attempt by Plaintiffs to create maximum leverage on the PHP Defendants and force them to capitulate before reaching the merits.

SIGNED this 8th day of January, 2019, in Tacoma, Pierce County, Washington.

Respectfully submitted,

OSINSKI LAW OFFICES, PLLC

/s/ Thomas T. Osinski, Jr.
Thomas T. Osinski, Jr.
535 Dock St., Suite 108
Tacoma WA  98402
253.383.4433 *Tel* | 253.572.2223 *Fax*
tto@osinskilaw.com