# SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
### ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001
ENTRANCE ON 35TH STREET

J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN
MICHAEL B. FRISCH
ELLIOT A. RESNIK
JOSEPH M. CONLEY
―――――
JUDITH A. MEYERS[+]

PETER S. SHUKAT (1970-2014)
ALLEN H. ARROW (1954-2016)
―――――
TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
―――――
[+]OF COUNSEL

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

June 7, 2019

*Via ECF*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

**Re:** *Experience Hendrix, L.L.C., et al., v. Andrew Pitsicalis et al.,* No. 1:17-cv-01927-PAE

Dear Judge Engelmayer:

The parties submit this joint letter pursuant to the Court's April 12, 2019 Order (Dkt. 323) to provide an update concerning the status of the bankruptcy action in the Central District of California filed by defendants Andrew Pitsicalis ("Mr. Pitsicalis"), Purple Haze Properties and Rockin Artwork (the "Entity Debtors")(collectively the "Debtors"). This is the parties' second joint letter update; the first joint letter update was filed on May 9, 2019. (Dkt. 324).

### I. Mr. Osinski's Updated Privilege Log is Deficient and Noncompliant

On April 11, 2019 the Court ordered Mr. Osinski "forthwith to provide plaintiffs counsel with an updated privilege log." Dkt. 323. A month and a half later on May 31, 2019, Mr. Osinski sent a spreadsheet which purports to list solely those communications between himself and Mr. Pitsicalis, for the time period covering July 2017 (the date of his first privilege log) through the date of the bankruptcy filings in January 2019. A copy of Mr. Osinski's May 31, 2019 correspondence and privilege log are attached hereto as **Exhibit A**.

Notwithstanding that this Court has now twice ruled against the privilege log formats previously prepared and provided by Mr. Osinski, he has again proffered a log that wholly ignores the clear standards and requirements in this District. On September 6, 2018, the Court provided a clear and unambiguous outline of the information required in a privilege log:

1. the full names of *all* recipients;

2. the specific privilege(s) asserted as to each email; and

3. concrete, document-specific information or context that would enable plaintiffs to assess the claim of privilege.

September 6, 2018 Order, Dkt. 194 at p. 5. This was after the Court had previously ordered that Mr. Osinski provide a revised privilege log to include "(1) the full name of identified recipients; (2) the copied and blind copied recipients of all emails; and (3) a description of the general subject matter of each email, **including greater detail than the mere subject line of the email in question."** August 22, 2018 Order, Dkt. 188 at p. 4 (emphasis added).

The "updated" privilege log is deficient and fails in various respects to comply with the terms the Court has twice ordered: there are no recipients listed at all on any of the communications – only the sender is identified, and there is no description of the general subject matter of the communications beyond what is written in the subject line – which the Court has specifically ordered is <u>insufficient</u>. *See* September 6, 2018 Order, Dkt. 194 at p. 5. The updated log also appears to be incomplete, as multiple communications listed therein have subject lines which indicate that they were responses to underlying communications – communications which are not listed therein.

On June 6, 2019, Plaintiffs sent a letter to Mr. Osinski outlining these deficiencies in his updated privilege log and identifying specific communications that based on the subject line (the only information available in the log) appear to not be subject to any privilege. A copy of Plaintiffs' June 6, 2019 correspondence is attached hereto as **Exhibit B**.

Mr. Osinski has withheld and continues to withhold documents based upon a "privilege" for which he has failed and refused to provide a meaningful description, as he is required to do under the Federal and Local Rules, and pursuant to the August 22 and September 6, 2018 Orders. The descriptions are all the more essential since the Court has already identified Mr. Osinski as a witness to be deposed in this action, specifically in light of his dual roles as a business partner of and an attorney for the Defendants herein – his business and legal "hats." *See* July 10, 2018 Hearing, Tr. p. 53. Additionally, Defendants have asserted affirmative defenses of claim preclusion and issue preclusion in this action by which any attorney-client privilege has been waived as to certain communications including, but not limited to, opinions of counsel and communications which refer or relate to the basis of the affirmative defenses which have been interposed.

Mr. Osinski's failure and refusal to comply with the requirements of Fed.R.Civ.P. 26(b)(5) or Local Civil Rule 26.2, as well as the August 22 and September 6 Orders, amounts to a waiver of privilege. *See also Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) ("[T]he failure to comply with Rule 46(e)(2) [ (former Local Civil Rule 26.2) ] may result in a finding that the privilege has been waived." (citation omitted)); *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152 (S.D.N.Y. 2014) (deficient privilege log justified the finding that privilege had been waived).

##       II.      <u>The Adversary Proceeding regarding Non-dischargeability of Debt</u>

As set forth in the May 9, 2019 joint letter, on April 15, 2019, the Hendrix Creditors (Plaintiffs in this action) filed an adversary proceeding in Mr. Pitsicalis' personal bankruptcy seeking non-dischargeability under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) of the numerous debts owed by Mr. Pitsicalis to the Hendrix Creditors. *Experience Hendrix, L.L.C., et al v. Pitsicalis*, Case No. 1:19-ap-01040-VK, United States Bankruptcy Court, Central District of California (the "Adversary

Proceeding"). Mr. Pitsicalis filed his *pro se* answer to the Adversary Proceeding on May 16, 2019.[1] A status conference regarding the Adversary Proceeding is scheduled for June 12, 2019. Plaintiffs anticipate filing a motion or other request to lift the automatic stay shortly so that the instant matter in New York can proceed to judgment.

### III.   The Bankruptcy Action – Creditors' Hearing

The 11 U.S.C. § 341(a) creditors' meeting (the "Creditors' Meeting") was held on May 30, 2019.

The Debtors remain in chapter 7 bankruptcy. The Creditors' Meeting was continued to July, 11, 2019 due to outstanding document production owed by the Debtors. *See* Notice of Continued Meeting of Creditors and Appearance of Debtor, *In Re: Rockin Artwork, LLC*, United States Bankruptcy Court, Central District of California, Case No. 19-10051-VK, Dkt. 127. Plaintiffs continue to reserve all of their rights regarding the Debtors' potential bankruptcy fraud and the propriety of the Bankruptcy Court's jurisdiction over a cannabis venture.

### IV.   Melissa Lemcke Has Violated the Standstill Agreement and Plaintiffs Reserve their Right to Seek Leave to Amend the Complaint to Add Her and Purple Haze Designs As Parties

Prior to the Creditors' Meeting, Plaintiffs discovered that Melissa Lemcke, who is Mr. Pitsicalis' fiancée and "President" of Purple Haze Designs, Inc., had obtained refinancing on the mortgage[2] of the Upper Lake Home, which is the subject of the standstill orders. *See* Dkts. 82, 88, 163, 273.

Mr. Pitsicalis testified at the Creditors' Meeting that he had no knowledge of or role in the refinance and that Purple Haze Designs is solely the domain of Ms. Lemcke. This testimony, of course, flatly contradicts the original standstill agreement (Dkt. 82), which was signed by Mr. Pitsicalis, and the sworn testimony of Ms. Lemcke, who testified more than 260 times "I don't know" regarding Purple Haze Designs, the Upper Lake Home, and finances. *See* Plaintiffs' October 2, 2018 letter, Dkt. 224. Mr. Pitsicalis' and Ms. Lemcke's own attorneys, Mr. Osinski and Mr. Landsberg, stipulated on the record during Ms. Lemcke's deposition that Mr. Pitsicalis would be the only appropriate 30(b)(6) witness on behalf of Purple Haze Designs.

At the Creditors' Meeting, Mr. Pitsicalis testified that Ms. Lemcke received an inheritance. The Standstill (Dkt. 273) expired on March 31, 2019. Under the specific terms of the Original Standstill (which the current amendment incorporates by reference), Ms. Lemcke was to have <u>immediately</u> notified the Plaintiffs as to any change in her monthly income as outlined in paragraph 8 of the Original Standstill. (Dkt. 82). Plaintiffs were never alerted to the additional income, which, if

---

[1] Mr. Golubchik, bankruptcy counsel to the Entity Debtors, advised the Court during the January 11, 2019 phone conference that his firm could not represent Mr. Pitsicalis in his individual bankruptcy due to a conflict. *See* Jan. 11, 2019 Conf. Tr. p. 8.

[2] Based on publicly available documents obtained from the Ventura County (CA) Recorder's Office, Plaintiffs believe the latest refinancing of the Upper Lake Home – including outstanding loan payments and closing costs – exceeds $190,000.00. Plaintiffs have not undertaken any discovery into the refinance due to the stay.

Mr. Pitsicalis' recent testimony is to be believed, was used by Ms. Lemcke to refinance the home in the name of Purple Haze Designs.

Furthermore, the timing of the refinance likely violates the standstill. On March 4, 2019, Ms. Lemcke executed a grant deed on behalf of Purple Haze Designs transferring the Upper Lake Home to Ms. Lemcke. On the very same day, Ms. Lemcke executed a grant deed transferring the Upper Lake Home back to Purple Haze Designs. *See* Grant Deeds attached hereto as **Exhibit C**, which were recorded with the Ventura County Recorder's Office on May 2 and 3, 2019, respectively. These transfers occurred before the March 31, 2019 standstill expiration date and are believed to be for the purpose of taking out loans and/or obtaining financing. Plaintiffs were not notified. Additional mortgage documents – a subordination agreement and deed of trust – were executed in April 2019 and recorded on May 2, 2019.

Although the stay remains in place, Plaintiffs reserve their right to seek the appropriate remedies for the latest standstill violations and leave to amend the pleadings and add Ms. Lemcke and Purple Haze Designs as defendants in this action.

### V.     Defendants' Position(s)

**a. Defendants Pitsicalis et al need only respond to the following two issues**:

First, Plaintiffs have only raised the privilege log issue within the last 24 hours by separate letter and the potions here with in the same afternoon as this letter is to be filled. As a result only a truncated response can be made.

However, this is sufficient because the Privilege Log is sufficient. It lists the recipient, which are in this case Mr. Pitsicalis at his two addresses or myself or administrator from those same Pitsicalis addresses. It then affirms that all communications are related to PHP and RA which by mid 2017 were completely covered by attorney client privilege as this litigation was fully underway by then and of such a broad and extreme scope there were no communications between Mr. Pitsicalis and counsel that did not relate to this litigation.

Any additional details as were provided before which would assert other privileges would only be additional grounds and unnecessary. Plaintiffs brought a broad and wide ranging action and must accept that a broad and wide ranging scope of privilege between the attorney and clients would follow. As a result the Court's order concerning an updated log in this stayed case has been complied with. In fact the original order at the hearing only required information through November 1, 2018 but the log includes all messages through to the January 2019 filings for Bankruptcy.

Second, the issues raised regarding the standstill are the subject of both the stayed California litigation for wrongful transfer of the Upper Lake Home and the adversary proceeding in the Bankruptcy Court which reaches all conduct in this case as well.

Moreover, as a practical matter once again a refinance of some kind was apparently instituted to avoid foreclosure. Thus it's only purpose was to preserve the very asset Plaintiffs are concerned about being able to attach for damages. Thus improving Plaintiffs position as opposed to harming them.

4

b. **Defendant Freeze**

Mr. Dweck advised on June 5 that Defendant Freeze's "portion of the letter is basically unchanged."

Respectfully submitted,

Osinski Law Offices, PLLC

 _/s/ Thomas T. Osinski, Jr._____
Thomas T. Osinski, Jr.
*Attorneys for Defendants Andrew Pitsicalis,*
*Purple Haze Properties, LLC,*
*Rockin Artwork, LLC, Leon Hendrix,*
*Firefly Brand Management, L.L.C.,*
*Firefly Consumer Products, Inc., and*
*Cynthia Modders*

Shukat Arrow Hafer Weber
& Herbsman, LLP

 _/s/ Dorothy M. Weber_____
Dorothy M. Weber
*Attorneys for Plaintiffs*