```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EXPERIENCE HENDRIX, LLC, et al.,

                              Plaintiffs,

-v-

ANDREW PITSICALIS, et al.,

                              Defendants.

17 Civ. 1927 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiffs' cross motion for sanctions against Thomas T. Osinski, Esq., counsel for defendants Andrew Pitiscalis; Leon Hendrix; Firefly Brand Management, LLC; and Firefly Consumer Products, Inc.[1] Dkt. 286. Plaintiffs request sanctions pursuant both to 28 U.S.C. § 1927, which grants federal courts authority to impose sanctions on attorneys for "multiply[ing] court proceedings vexatiously," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 412 (1990), and to the Court's inherent powers "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). For the following reasons, the Court denies plaintiffs' request.

The bar to impose sanctions against a party's counsel is high. To impose sanctions under either 28 U.S.C. § 1927 or the Court's inherent powers, the Court must find that the attorney acted in bad faith. *See Goodyear Tire & Rubber Co. v. Hager*, 137 S. Ct. 1178, 1186 (2017) (explaining that courts have inherent authority to impose sanctions on litigants and their counsel for bad faith conduct that abuses the judicial process); *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) ("[A]n award under § 1927 is proper only when there is a

---

[1] The Court respectfully directs the Clerk of Court to terminate Mr. Osinski as counsel for defendant Freeze, as Freeze has secured alternative counsel, Jeffrey S. Dweck, Esq.

finding of conduct constituting or akin to bad faith.") (internal quotation marks and citations omitted).

Plaintiffs' request for sanctions presents a close question. As reflected in various previous hearings and orders, the Court has been dismayed by Mr. Osinski's obfuscatory conduct and lack of punctiliousness to his responsibilities. Nonetheless, the Court denies the request to impose sanctions on Mr. Osinski at this time. The Court has imposed extensive monetary sanctions against his client, Mr. Pitsicalis for, *inter alia*, failing to produce documents, Dkt. 194, and spoliation of evidence as detailed in the Court's November 29, 2018 Opinion & Order, Dkt. 269. The Court declines plaintiffs' request to make Mr. Osinski jointly and severally liable for these monetary sanctions or to impose new monetary sanctions on Mr. Osinski for alleged additional misconduct. While the factual record would appear to permit this outcome, the Court elects, at this time, to exercise its discretion in favor of restraint. Should Mr. Osinski engage in sanctionable conduct in the future, the Court would be amenable to a motion by plaintiffs to impose sanctions against Mr. Osinski. The denial of plaintiffs' present motion is therefore without prejudice to plaintiffs' right to file a later motion for sanctions against Mr. Osinski should his future conduct so justify.

The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 286.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 12, 2019
   New York, New York