SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
Dorothy M. Weber, Esq.
494 Eighth Avenue, Suite 600
New York, NY  10001
(212) 245-4580
*Attorneys for Plaintiffs*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EXPERIENCE HENDRIX, L.L.C., a
Washington Limited Liability Company, and          Case No.: 1:17-cv-1927
AUTHENTIC HENDRIX, LLC, a Washington              (PAE)
Limited Liability Company,

              Plaintiffs,

 -against-

ANDREW PITSICALIS, an individual; LEON
HENDRIX, an individual; PURPLE HAZE
PROPERTIES, LLC, a Nevada Limited
Liability Company; ROCKIN ARTWORK,
LLC, a Nevada Limited Liability Company; CARMEN
COTTONE a/k/a CARMEN THOMAS ANDOLINA
a/k/a CARM COTTONE, an individual d/b/a
PARTNERS AND PLAYERS,  a New York Company
and d/b/a DYNASTY GOURMET FOODS, a New
York Company;  FIREFLY BRAND MANAGEMENT,
LLC, a California Limited Liability Company,
FIREFLY CONSUMER PRODUCTS, INC., a
California Corporation, CYNTHIA MODDERS, an
individual,; GRASSROOTS CLOTHING, LLC d/b/a
GRASSROOTS CALIFORNIA, a Colorado Limited
Liability Company, FREEZE , a division of CENTRAL
MILLS, INC., and GREEN CURES & BOTANICAL
DISTRIBUTION, INC.,

              Defendants.

------------------------------------------------------------x

## <u>STIPULATED SO-ORDERED SETTLEMENT</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

EXPERIENCE HENDRIX, L.L.C., a
Washington Limited Liability Company, and
AUTHENTIC HENDRIX, LLC, a Washington
Limited Liability Company,

                    Plaintiffs,

     -against

ANDREW PITSICALIS, an individual; LEON
HENDRIX, an individual; PURPLE HAZE
PROPERTIES, LLC, a Nevada Limited Liability
Company; ROCKIN ARTWORK,LLC, a Nevada
Limited Liability Company; CARMEN
COTTONE a/k/a CARMEN THOMAS
ANDOLINA a/k/a CARM COTTONE, an
individual d/b/a PARTNERS AND PLAYERS,  a
New York Company and d/b/a DYNASTY
GOURMET FOODS, a New York Company;  C-
LIFE GROUP, LTD., a New York Corporation,
and BIC CORPORATION, a Connecticut
Corporation,

                    Defendants.

---------------------------------------------------------x

## STIPULATED SO-ORDERED SETTLEMENT

     This Settlement Agreement (hereinafter the "Settlement Agreement"),

entered into this __ day of October, 2019, is made by and between Experience

Hendrix, L.L.C. and Authentic Hendrix, LLC (collectively, "Hendrix") on one

side, and Defendant Andrew Pitsicalis on the other (the "Defendant").  Hendrix

and the Defendant collectively shall also be defined as "Parties".

## RECITALS

**WHEREAS** Plaintiffs, Experience Hendrix, L.L.C., a Washington Limited

Liability Company, and Authentic Hendrix, LLC, a Washington Limited Liability

Company, ("Plaintiffs"), having filed a Complaint against the above-referenced

Defendants, having filed an Amended Complaint on April 26, 2017; and having filed

a Second Amended Complaint on May 31, 2017 and a Third Amended Complaint

on April 25, 2018;

**WHEREFORE,** the Plaintiffs and Defendant Andrew Pitsicalis hereto desire

to enter into this Settlement Agreement to settle all disputes between them,

including, but not limited to, all claims, differences, rights, interests and obligations

which may exist and/or which each may claim to exist between them in any manner

relating to the above-captioned action, to confirm and memorialize their agreement

on all of the terms and subject to all of the conditions set forth herein, and to set forth

their rights and obligations with respect thereto.

**NOW, THEREFORE**, in consideration of the mutual promises contained

herein, and for other good and valuable consideration, the receipt and sufficiency of

which are hereby acknowledged, the Parties agree as follows:

1.    Settlement.

1.1.    The Parties hereby agree to the entry of a Court Order ordering a Permanent Injunction. The proposed Order is annexed hereto as Exhibit "A". As between the Parties, the provisions of this Writ of Permanent Injunction shall be and become effective immediately upon its execution by the Parties, and need not await execution by the Court.

1.2.    To the extent not already agreed, the Parties will agree to Findings of Fact and Conclusions of Law to be so ordered by the Court based on paragraphs 1.3 to 1.26 hereinbelow.

1.3.    Defendant hereby agrees to withdraw the Answer submitted on May 23, 2018 in response to Hendrix's Third Amended Complaint. Defendant, on behalf of himself and each and every corporate entity Defendant has formed, further agrees to admit the allegations of paragraphs 1 through 240 of Hendrix's Third Amended Complaint.

1.4.    Defendant hereby agrees, acknowledges, and admits that advice of counsel is not a safe harbor to the causes of action contained in Hendrix's Third Amended Complaint (as hereinafter more fully described).

1.5.    Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entites, was on notice from the United States Patent and Trademark Office ("USPTO") that their use of "JIMI", "JIMI HENDRIX", or

any other variation thereof violated and infringed Hendrix's rights under the U.S. Trademark Act, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's trademark rights and constitutes a willful, intentional, and malicious infringement of Hendrix's trademark rights.

1.6.    Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, was on notice from the USPTO that their use of "JIMI", "JIMI HENDRIX", or any other variation thereof falsely suggested a connection with the Jimi Hendrix trademarks owned by Hendrix, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's trademark rights and constitutes a willful, intentional, and malicious infringement of Hendrix's trademark rights.

1.7.    Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, was on notice from the USPTO that their use of "JIMI", "JIMI HENDRIX", or any other variation thereof diluted Hendrix's trademarks by blurring, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's trademark rights and

4

constitutes a willful, intentional, and malicious infringement of Hendrix's trademark rights.

1.8.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, was on notice from the USPTO that their use of "JIMI", "JIMI HENDRIX", or any other variation thereof diluted Hendrix's trademarks by tarnishment, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's trademark rights and constitutes a willful, intentional, and malicious infringement of Hendrix's trademark rights.

1.9.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, was on notice from the USPTO that their use of "JIMI", "JIMI HENDRIX", or any other variation thereof in the registration of domain names including, but not limited to, jimifoods.com, jimiwines.com, jimielectronics.com, jimismeds.com, and jimitees.com without Hendrix's authorization infringed Hendrix's trademarks, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's trademark rights and constitutes a willful, intentional, and malicious infringement of Hendrix's trademark rights.

5

1.10.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, infringed Hendrix's common law trademarks, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's trademark rights and constitutes a willful, intentional, and malicious infringement of Hendrix's trademark rights.

1.11.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, made unauthorized use of Hendrix's federally registered copyrights, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's copyrights and constitutes a willful, intentional, and malicious infringement of Hendrix's copyrights.

1.12.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, personally induced, encouraged, facilitated, directed or controlled the knowingly fraudulent and intentional unauthorized uses of Hendrix's trademarks and copyrights by third parties, constituting contributory infringement of Hendrix's trademarks and copyrights, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of

Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.13.  Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, personally induced, encouraged, facilitated, directed or controlled the knowing and intentional unauthorized uses of Hendrix's trademarks and copyrights by third parties constituting vicarious infringement of Hendrix's trademarks and copyrights, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.14.  Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, by advertising and labeling their products as "representing" Jimi Hendrix and having a license from the "Estate of Jimi Hendrix" participated in recurring, unlawful, deceptive acts and practices in violation of New York General Business Law Section 349, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.15.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, through their intentionally misleading statements concerning the relationship between Defendant's products and Hendrix's trademarks, violated New York General Business Law Section 350, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.16.   Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, diluted the distinctive quality of Hendrix's trademarks in violation of New York General Business Law Section 360-1, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.17.   Defendant hereby agrees, acknowledges, and admits that he is liable to Hendrix as the alter ego of his corporate entities, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's

intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.18.  Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entities, is liable to Hendrix for unjust enrichment on account of their federal and common law trademark infringements, false designations of origin, unfair competition, trademark dilution, and related acts, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.19.  Defendant hereby agrees, acknowledges, and admits that he, and each and every one of his corporate entites, is liable to Hendrix as involuntary trustees, holding the gross reciepts from their product sales and revenues attibutable to thier infringing products, and that Defendant's conduct as alleged in the Third Amended Complaint was done with knowing disregard of and with willful, intentional, wanton and malicious violation of Hendrix's intellectual property rights and constitutes a willful, intentional, and malicious infringement of Hendrix's intellectual property rights.

1.20.  Defendant hereby agrees, acknowledges, and admits that no court of law has ruled that Jimi Hendrix's name, image, or likeness is in the public domain.

In fact, Defendant hereby agrees, acknowledges, and admits that the Plaintiffs have rights of publicity in Washington State and every other state that recognizes descendible rights of publicity.

1.21.   Defendant hereby agrees, acknowledges, and admits that no court of law has ruled Jimi Hendrix song titles or lyrics, or any other copyrights are in the public domain.

1.22.   Defendant hereby agrees, acknowledges, and admits that no court of law has ruled that Jimi Hendrix trademarks are in the public domain.

1.23.   Defendant hereby agrees, acknowledges, and admits that the Purple Haze Lounge project and application to the city of West Hollywood contained fraudulent representations.

1.24.   Defendant hereby agrees, acknowledges, and admits that he willfully infringed on copyrighted lyrics to Jimi Hendrix performed or written songs.

1.25.   The Parties hereby agree that the Writ of Permanent Injunction will contain the broadest language and will encompass name, image, likeness, trademarks, copyrights,  song titles and the like for any purpose, class or services  whatsoever, including business names forever, worldwide.

1.26.   Defendant Andrew Pitsicalis hereby agrees, acknowledges, and admits that he intentionally spoliated and deleted all Rockin Artwork and Purple

Haze Properties emails and text messages notwithstanding multiple court orders that these documents be preserved.

1.27.  Defendant hereby confirms and ratifies the Bill of Sale signed by the Trustee in the bankruptcy action.

1.28.  Defendant Andrew Pitsicalis will ensure notice delivery and obtain receipted acceptance of the Writ of Permanent Injunction to all defendants, William Pitsicalis, Melissa Lemcke, Jason Frankovich, his new partners in Haze Radio, Ben Cohen, and David Rosenberg.

1.29.  The Parties agree that the  approximately eight thousand ($8,000) dollars paid to William Pitsicalis by Andrew Pitsicalis through Crosstown Traffic Holdings, LLC as well as the approximately ninety thousand ($90,000) dollars of other income for 2019 passing through the Crosstown Traffic Holdings bank account, including but not limited to, Purple Haze Properties checks deposited therein, will be dealt with in the Bankruptcy Proceeding and there is no disposition of those issues herein.

1.30.  The Parties agree that Melissa Lemcke, subject to a separate written agreement, will immediately and hereafter cease posting Jimi Hendrix products for sale on her Poshmark site and will issue releases to Plaintiffs and their attorney. Melissa Lemcke shall also disclose to Plaintiffs her inheritance that Defendant Andrew Pitiscalis testified she had received and was using to pay for the house

11

located at 410 Upper Lake Road, Lake Sherwood, California 91361, at which point
the Parties may settle out the fraudulent conveyance action.  Melissa Lemcke
further agrees to provide any and all underlying documents Plaintiffs have
requested on the loan, financing, and refinancing of the 410 Upper Lake Road
home, and proof of payments for the 410 Upper Lake Road loan since the standstill
against Melissa Lemcke ended.  Until such disclosures and provision of underlying
documentation, there shall be no release in this action, or in the fraudulent
conveyance action as to Melissa Lemcke.

 1.31.  The Parties agree to the entry of a two million ($2,000,000) dollar
non-dischargeable judgment which Defendant Andrew Pitsicalis will also enter in
the Adversary Proceeding.  The Parties agree that the broadest and fullest
enforcement guarantees shall apply to the non-dischargeabilty of the two million
($2,000,000) dollar judgment, including Defendant Andrew Pitsicalis' obligation to
update Debtor information subpoenas, and the provision of bi-annual reports of
income and source, and liquidated damages to be determined in the event of fraud
or violation of these terms.  This two million ($2,000,000) dollar judgment
supplants all other dollar amounts claimed currently by Plaintiffs against
Defendant in the California Bankruptcy Actions, including, but not limited to, the
Western District of Washington Judgment and all sanctions and attorney's fee
awards from this action, and is meant to represent the total of monies owed to

Plaintiffs by Defendant at this time other than additional damages or monies contemplated by this settlement agreement.  Andrew Pitsicalis agrees that he will not contest or challenge any request by the Hendrix Creditors for an order regarding non-dischargeablity to be entered in the adversary proceedings.

1.32.  The two million ($2,000,000) dollar judgment does not include any post-petition infringement by Defendant Andrew Pitsicalis or a release of any licensee of Defendant Andrew Pitsicalis or his entities.

1.33.  Defendant Andrew Pitsicalis agrees that he is responsible for all costs incurred in filing the judgment in California, Nevada and New York.

1.34.  Defendant agrees to dismissal with prejudice of both Washington actions against all defendants in those actions.

1.35.  Defendant agrees to provide full disclosure of emails, phone numbers and addresses of all third parties with whom they have worked on anything related to Jimi Hendrix, including any entity related to Jason Frankovitch, and including, but not limited to, Purple Haze Lounge, Ben Cohen, David Rosenberg, the dispensary in South Africa and/or bitcoin or crytocurrency, and to provide the contact information for any of these parties.

1.36.  The Parties agree to issue release as to Osinski Law Office, PLLC. However there shall be no release as to Defendant Andrew Pitsicalis.

13

1.37.   Nothing herein shall prevent Plaintiffs and their attorneys from disseminating and publishing these agreements and orders, it being the intent of the Plaintiffs and their attorneys to do so.  Defendant Andrew Pitsicalis shall have no right to issue a press release of their own and shall not authorize any third party to do so.

2.      Further Cooperation.  The Parties agree to assist one another in faithfully performing all of their obligations under this Settlement Agreement.  The Parties further agree to promptly perform any additional acts, including preparation, filing and execution of any and all such additional agreements, as may be necessary to effectuate this Settlement Agreement and are reasonably requested of one party of the other.  Further, the Parties agree to perform their obligations under this Settlement Agreement in good faith.

3.      Integration Clause.  This Settlement Agreement, including the documents referenced herein, sets forth all promises, covenants, agreements, conditions and understandings of the Parties with respect to the subject matter hereof and, supersedes all prior and contemporaneous negotiations, representations, understandings, inducements, conditions, and agreements, express or implied, with respect to the subject matter thereof except as set forth herein.  This Settlement Agreement may not be modified, amended, altered or supplemented except by a written instrument signed by all Parties hereto.

14

4.    Authority.

4.1.    Each Party hereto represents and warrants that: (a) he/she/it has the power and authority to execute and deliver this Settlement Agreement, (b) his/her/its execution, delivery, and performance of this Settlement Agreement doe snot and will not contravene the terms of any applicable agreements, instruments or laws; (c) he/she/it has the power and authoerity to perform its obligations hereunder; (d) he/she/it has not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of any claim, right, interest or other entitlement which is agreed to be dismissed or released herein; (e) the Settlement Agreement constitutes its legal, valid, and binding obligation in accordance with its terms; (f) he/she/it has had an adequate opportunity to consult and has consulted with its attorneys prior to entering into this Settlement Agreement; and (g) in executing this Settlement Agreement, he/she/it has not relied upon any statements or representations not expressly set forth in this Settlement Agreement.  This paragraph shall survive the delivery of documents and consideration required herein and any termination of this Settlement Agreement.

4.2.    Each Party acknowledges receipt of legally sufficient consideration for this Settlement Agreement as set forth herein.

15

5.     <u>Bankruptcy</u>.  There shall be a companion stipulation for non-dischargeability of the two million ($2,000,000) dollar judgment to be filed for the Adversary Proceedings before Judge Kaufman.

6.     <u>Parties</u>.  This Settlement Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective heirs, estates, successors and assigns, except as set forth herein.

7.     <u>Covenant Not to Sue</u>.  Defendant covenants with Hendrix, Hendrix's heirs, legal representatives and assigns, to never institute any suit or action at law or in equity against Hendrix, Janie Hendrix, or any of Hendrix's successors or assigns, and to never institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action against Hendrix, Janie Hendrix, or any of their successors or assigns, for or on account of any purported damage, loss or injury by reason of any claim Defendant now has or may later acquire relating to this Settlement Agreement or Writ of Permanent Injunction.

8.     <u>Construction of Agreement</u>.  The Parties acknowledge and agree that this Settlement Agreement is the product of drafting by all Parties and therefore agree that in the event of any dispute arising concerning the construction or interpretation of this Settlement Agreement or the terms thereof, any ambiguities which may be found herein shall be interpreted and construed according to the fair and reasonable meaning of the language used considering the stated intentions of

16

the Parties.  Any rules of construction to the effect that ambiguities be resolved

against the drafting Party, shall not apply in the interpretation and construction of

this Settlement Agreement.

9.     Notification.  Any and all notices required by this Settlement

Agreement shall be made by personal delivery or overnight courier with a copy by

facsimile to the addresses below or such change(s) of address as are permitted

pursuant hereto:

> **Experience Hendrix, L.L.C.**
> Dorothy M. Weber, Esq.
> Shukat Arrow Hafer Weber & Herbsman, LLP
> 494 Eighth Avenue, 6th Floor
> New York, NY 10001
> Tel: (212) 245-4580
> Fax: (212) 956-6471
>
> **Andrew Pitsicalis**
> 410 Upper Lake Road
> Lake Sherwood, CA 91361

Notices shall be deemed given on the date received.  Andrew Pitsicalis is obligated

to advise of new address immediately.

10.     Survivability.  All covenants and agreements contained herein shall

survive the execution of this Settlement Agreement.

11.     Severability.  If any provision of this Settlement Agreement is held to

be illegal, invalid, or unenforceable under present or future laws effective during

17

the term of this Settlement Agreement, such provision shall be fully severable.  In lieu thereof, the Parties agree that there shall be added a provision as similar in terms and effect to such illegal, invalid or unenforceable provision as possible.

12.    No Waiver.  No waiver of any provision of this Settlement Agreement shall be valid unless in writing and signed by the Parties.  The failure of any Party at any time to insist upon strict performance of any condition, promise, agreement or understanding set forth in this Settlement Agreement, shall not be construed as a waiver or relinquishment of the right to insist upon strict performance of the same condition, promise, agreement or understanding at a future time.

13.    Jurisdiction. This Court retains jurisdiction of the parties hereto for the purpose of any proceedings.

14.    Governing Law.  This Settlement Agreement shall be governed, construed, interpreted, and enforced in accordance with the substantive law of the State of New York applied to agreements made and to be performed wholly within New York without giving effect to the principles of conflicts of laws.

15.    Headings.  All headings and captions contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

16.    Payment of Fees in the Event of a Breach of the Settlement Agreement.  In the event that it shall be determined by a court of competent

18

jurisdiction that either party shall have breached any material provision of this

Settlement Agreement, the breaching party shall pay to the adverse party its actual

attorneys' fees, court costs and other expenses incurred in the enforcement of any

provision of this Settlement Agreement.

17.     Escrow.  In the event that Defendant Andrew Pitsicalis does not

breach any provision of the Order of Settlement, the Permanent Injunction or any

orders issued in the Bankruptcy or Adversary Proceeding, then in that event the

framed signatures that were part of the Asset Purchase by Plaintiffs will be

returned on the one year anniversary of entry of Judgment and Preliminary

Injunction, except that no piece which refers to Hendrix shall be returned. Andrew

Pitsicalis will turn over to Mr. Osinski the twelve (12) cannabis awards which shall

be held for the same period and returned in one year if there is no breach.

18.     Counterparts.  The Parties may execute this Settlement Agreement in

duplicate counterparts, each of which shall be deemed an original, and all of which

together constitute but one and the same instrument.  The Parties agree, however,

that they shall cause to be fully executed, an original copy for each party.

**IN WITNESS WHEREOF,** each of the undersigned confirms that they have read the Settlement Agreement, that they fully understand all of its terms, and that they execute it voluntarily in the full knowledge of its significance on the date set forth herein.

EXPERIENCE HENDRIX, L.L.C.

By: _____

Print Name: JHendrix

Title: Pres/CEO

AUTHENTIC HENDRIX, LLC

By: _____

Print Name: JHendrix

Title: Pres/CEO

Andrew Marc Pitsicalis

By: _____

Print Name: _____

Title: _____

SO ORDERED:

_____

Hon. Paul A. Engelmayer

20

**IN WITNESS WHEREOF,** each of the undersigned confirms that they have read the Settlement Agreement, that they fully understand all of its terms, and that they execute it voluntarily in the full knowledge of its significance on the date set forth herein.

EXPERIENCE HENDRIX, L.L.C.

By: _____

Print Name: _____

Title: _____

AUTHENTIC HENDRIX, LLC

By: _____

Print Name: _____

Title: _____

Andrew Marc Pitsicalis

By: _____

Print Name: _Andrew Marc Pitsicalis_

Title: _Individual_

SO ORDERED:

_____

Hon. Paul A. Engelmayer

20