SHUKAT ARROW HAFER WEBER
& HERBSMAN, L.L.P.
Dorothy M. Weber, Esq.
494 Eighth Avenue, Suite 600
New York, NY 10001
(212) 245-4580
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EXPERIENCE HENDRIX, L.L.C., a  Case No.: 1:17-cv-1927 (PAE)
Washington Limited Liability Company, and
AUTHENTIC HENDRIX, LLC, a Washington Limited
Liability Company,

                Plaintiffs,

-against-

ANDREW PITSICALIS, an individual; LEON
HENDRIX, an individual; PURPLE HAZE
PROPERTIES, LLC, a Nevada Limited
Liability Company; ROCKIN ARTWORK,
LLC, a Nevada Limited Liability Company; CARMEN
COTTONE a/k/a CARMEN THOMAS ANDOLINA
a/k/a CARM COTTONE, an individual d/b/a
PARTNERS AND PLAYERS, a New York Company
and d/b/a DYNASTY GOURMET FOODS, a New
York Company; FIREFLY BRAND MANAGEMENT,
LLC, a California Limited Liability Company,
FIREFLY CONSUMER PRODUCTS, INC., a
California Corporation, CYNTHIA MODDERS, an
individual,; GRASSROOTS CLOTHING, LLC d/b/a
GRASSROOTS CALIFORNIA, a Colorado Limited
Liability Company, FREEZE, a division of CENTRAL
MILLS, INC., and GREEN CURES & BOTANICAL
DISTRIBUTION, INC.,

                Defendants.
-------------------------------------------------------------x

## ORDER OF PERMANENT INJUNCTION

Plaintiffs Experience Hendrix, L.L.C., a Washington Limited Liability Company, and Authentic Hendrix, LLC, a Washington Limited Liability Company (hereinafter "Plaintiffs"), having filed a Complaint on March 16, 2017, an Amended Complaint on April 26, 2017, a

Second Amended Complaint on May 31, 2017, and a Third Amended Complaint on April 25, 2018;

WHEREAS, Defendant Freeze, a Division of Central Mills, Inc. (hereinafter "Freeze"), acknowledges and judicially admits that Plaintiffs are the exclusive owners of the rights in and to the use of the Jimi Hendrix trademarks and other intellectual property rights as set forth in the Complaints;

WHEREAS, Plaintiffs and Freeze, having stipulated to an injunction in favor of Plaintiffs and against Freeze;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that injunctive relief is granted in favor of Experience Hendrix, LLC and Authentic Hendrix, LLC (collectively, the "Hendrix Companies" or "Plaintiffs"), and that Freeze, its corporate entities, successors, assignees, designees, officers, directors, employees, agents, partners, representatives, affiliates, and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are perpetually restrained and enjoined as follows:

**PERMANENTLY ENJOINED FROM:**

1. Using the name "Jimi Hendrix", the name "Jimi", the name "Hendrix", in any configuration; using any Hendrix registered or pending trademarks that incorporate the name, image or likeness of Jimi Hendrix or the words Jimi or Hendrix (hereinafter collectively "Hendrix Marks"); using any of Hendrix copyrighted material (including, but not limited to, Jimi Hendrix's voice, audio recordings, film footage and/or music, or any part or portion thereof; using a song title or song lyrics written by Jimi Hendrix or performed by Jimi Hendrix or any part thereof associated with Jimi Hendrix) (hereinafter "Hendrix Copyrighted Material") or any image, likeness or signature of Jimi Hendrix, all whether claimed to be fair use or otherwise, in any manner, including but not limited to the sale, naming, identifying, offering

2

for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service, or in connection with any goods and services;

2. Using the name and words and marks "Jimi", "Hendrix" and/or "Jimi Hendrix", including but not limited to the trademarked Jimi Hendrix signature or any script signature of any kind or nature; and/or the Jimi Hendrix signature from the album *Axis: Bold as Love* or any variation thereof in any script, in any manner, including but not limited to the sale, naming, identifying, offering for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service or business name;

3. Preparing or assisting anyone in the preparation of any interviews, books, articles, television or motion picture productions or other creation of any kind or nature whatsoever directly, or indirectly by implication, concerning or relating to Jimi Hendrix, Janie Hendrix, Al Hendrix or any Hendrix family member, including Leon Hendrix ("the Hendrix Family"), Plaintiffs, this action, any other action between the Defendants Andrew Pitsicalis and Leon Hendrix, including, without limitation, any material concerning any person, whether or not fictional, whom any member of the public could or might associate with Jimi Hendrix, the Hendrix Family, and/or Plaintiffs (regardless of whether or not there shall appear any disclaimer purporting to dissociate such fictitious person with Jimi Hendrix, and/or Plaintiffs or the Hendrix Family);

4. Engaging or causing any third party to engage in any other activities constituting trademark infringement, of every kind or nature, unfair competition, trademark dilution, trademark disparagement or any other violation of the Hendrix Marks and Hendrix Copyrighted Material listed above in paragraph 1;

5. Aiding, abetting, encouraging or inducing any third party to do any of the acts enjoined; and

6. Holding themselves out in any manner whatsoever as being licensed by, associated with, or in any manner affiliated with Hendrix or Jimi Hendrix, directly or indirectly.

IT IS FURTHER ORDERED that, the Plaintiffs shall not be required to post any bond with the Clerk of the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

1. that this Court retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce this Injunction;

2. that the parties hereto have waived appeal from this Injunction; and

3. that this Injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.

4. As between the parties, the provisions of this Order of Permanent Injunction shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

Dated: New York, New York
November 25, 2019

11/25/19

SO ORDERED:

*Paul A. Engelmayer*

Hon. Paul A. Engelmayer

## CONSENT, WAIVER AND STIPULATION

As between the parties, the provisions of this Order of Permanent Injunction shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

Date: 11/13/19

FREEZE, A DIVISION OF CENTRAL MILLS, INC.

By: _____
Solomon Shalam
President

APPROVED AS TO FORM:

Date: _____

By: _____
Jeffrey S. Dweck, Esq.
Attorney for Freeze, a Division of Central Mills, Inc.

Date: _____

By: _____
Dorothy M. Weber, Esq.
Attorney for Experience Hendrix, L.L.C. and Authentic Hendrix, LLC