UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPERIENCE HENDRIX, L.L.C., et al.,

                                  Plaintiffs,

-v-

ANDREW PITSICALIS, et al.,

                                  Defendants.

17 Civ. 1927 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On November 6, 2019, plaintiffs moved for terminating discovery sanctions, Fed. R. Civ. P. 37(b)(2), against defendant Leon Hendrix. Dkt. 375. At the time this litigation commenced, Hendrix was lead defendant Andrew Pitsicalis's business partner, the owner of defendant Purple Haze Properties ("PHP"), and a managing member of defendant Rockin Artwork. Plaintiffs' motion is based on more than two years of stark, repeated failures by Hendrix to engage in the discovery process, culminating in statements during a recent deposition in which he indicated that he continues to have no interest in or intention to comply with required pretrial discovery. Dkt. 375 Ex. A ("Dep.") at *e.g.*, 43:14–20, 56. Hendrix has not filed an opposition to plaintiffs' motion.

"[T]he sanction of dismissal under [Rule] 37 is a drastic remedy that should be imposed only in extreme circumstances." *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal quotation marks and alterations omitted). "Despite the harshness of these measures, however, 'discovery orders are meant to be followed,' *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995), and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to

'willfulness, bad faith, or any fault' of the party sanctioned, *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

In deciding whether to issue terminating sanctions, this Court considers "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal ellipsis omitted). "Because the text of the rule requires only that the district court's orders be 'just,' however, and because the district court has 'wide discretion in imposing sanctions under Rule 37,' *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir. 2007) (internal quotation marks omitted), these factors are not exclusive, and they need not each be resolved against the party" opposing the sanctions. *S. New England Tel. Co.*, 624 F.3d at 144.

Each of the *Agiwal* factors favor terminating sanctions against Hendrix.

First, Hendrix's noncompliance with the discovery process has been willful. Not only has Hendrix ignored repeated court orders admonishing him to participate in discovery, *see* Dkts. 74, 78, 81, 231, 269, 270, 338, 346, his testimony during his recent deposition—itself twice rescheduled due to Hendrix's failure to prepare or to produce the required documents, *see* Dkt. 375 at 4 n.7, and cut short by his failure to produce documents yet again, *see, e.g.*, Dep. at 36, 42, 43, 53, 55–56—makes clear that his noncompliance results from his active choice. For example, when asked why he had again failed to provide certain bank statements, Hendrix responded that he "didn't get around to it." Dep. at 36. And when asked about his similar failure to produce certain social media records, Hendrix admitted that it was not due to a

lack of time but rather his choice to "not do it." Dep. at 42. Hendrix made similar statements regarding his failure to produce copies of relevant emails. Dep. at 55–56. The Court therefore finds that Hendrix's failure to participate in the discovery process to have been willful.

Second, the record makes clear that lesser sanctions, up to and including the threat of terminating sanctions, have been ineffective in compelling Hendrix to engage in the discovery process. *See, e.g.*, Dkt. 178 (imposing monetary sanctions); Dkt. 194 (imposing sanction of attorney's fees and warning defendants that "the Court will consider, in the event of further noncompliance, imposing more severe sanctions" up to and including default judgment); Dkt. 269 (imposing sanctions of an adverse inference and attorney's fees); Dkt. 379 ("10/17/19 Tr.") at 12 (additional threat of terminating sanctions). The Court's repeated admonitions to counsel, *e.g.*, Dkts. 78, 81, 178, 346, or Hendrix personally, 10/17/19 Tr. at 12, have not achieved any change in behavior or resulted in the production of the discovery materials to which plaintiffs are entitled. Having shown Hendrix considerable patience and having exercised all conceivable lesser measures aimed at procuring his compliance, the Court therefore concludes that there is no step that will be effective in compelling Hendrix's participation in discovery.

Third, the duration of Hendrix's noncompliance is coextensive with fact discovery in this case. Fact discovery began in July 2017. It was originally set to conclude on February 28, 2018, Dkt. 67, but was extended multiple times. It ultimately spanned 28 months, ending on November 11, 2019, Dkt. 346.[1] At no point has Hendrix been in compliance with his discovery obligations. The duration of Hendrix's noncompliance is therefore egregious and substantial.

---

[1] This case was stayed between April and September 2019 on account of bankruptcy proceedings involving co-defendants. *See* Dkts. 332, 338. If anything, however, this gave Hendrix additional time to comply with his outstanding discovery obligations. The elongated discovery period here resulted in large measure from the Court's attempts to achieve compliance with discovery orders

3

Finally, Hendrix, in the presence of counsel, was personally warned that the Court would impose terminating sanctions if he continued not to comply with his discovery obligations. This occurred during a telephonic status conference on October 17, 2019. 10/17/19 Tr. at 12.[2] It was following that conference that Hendrix made the deposition statements above disclaiming his intention to meet his discovery obligations.

The Court therefore concludes that terminating sanctions are appropriate and necessary in this case, and grants plaintiffs' motion for such sanctions. The Clerk of Court is respectfully directed to enter a default judgment against defendant Leon Hendrix, and to terminate the motion pending at Docket 375.

Plaintiffs' case against Hendrix will now proceed to a damages inquest. Following a status and default judgment conference scheduled for December 16, 2019, involving other defendants, the Court will issue a separate order referring this matter to a magistrate judge for such an inquest, as against Hendrix (and other defendants as relevant).

---

from various defendants. One co-defendant, Pitsicalis, was repeatedly sanctioned for discovery abuse, before eventually entering into a settlement with plaintiffs.

[2] The Court stated: "[W]hile I have you on the phone, I want you to be mindful that you have obligations as a person who is a party to this case. Those obligations include sitting for a deposition and producing documents as demanded. I know Mr. Osinski has notified you of that. He has notified me that you do not intend to fulfill your discovery obligations. I want to make sure before the deadline passes that you are aware that your failure to do so will expose you to the risk, and almost certain eventuality, of a default judgment against you. If there is a default judgment against you, I would proceed to hold a proceeding to determine the amount of damages. But what the default judgment proceeding would do would be to result in an entry of judgment as to liability against you." 10/17/19 Tr. at 12.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 9, 2019
   New York, New York