# SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP
### Attorneys At Law
### 494 Eighth Avenue, Sixth Floor
### New York, New York 10001
### Entrance on 35th Street

| | |
|---|---|
| J. Jeffrey Hafer | Peter S. Shukat (1970-2014) |
| Dorothy M. Weber | Allen H. Arrow (1954-2016) |
| Jonas E. Herbsman | ———— |
| Michael B. Frisch | Telephone (212) 245-4580 |
| Elliot A. Resnik | Telecopier (212) 956-6471 |
| Joseph M. Conley | ———— |
| ———— | +Of Counsel |
| Judith A. Meyers+ | |

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

January 17, 2020

*<u>Via ECF</u>*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

**Re:** *<u>Experience Hendrix, L.L.C., et al., v. Andrew Pitsicalis et al.</u>*, <u>No. 1:17-cv-01927-PAE-GWG</u>

Dear Judge Engelmayer:

We write on behalf of Plaintiffs Experience Hendrix, L.L.C. and Authentic Hendrix, LLC in response to defendant Grassroots Clothing, LLC's ("Grassroots") motion for a protective order filed January 16, 2020. Dkt. 432. Plaintiffs respectfully request that the Court strike, without prejudice, Grassroots' motion because it is procedurally deficient and premature based on the current status of the case.

Grassroots failed to follow Local Civil Rule 37.2 and Rule 2.C. of Your Honor's Individual Rules and Practices in Civil Cases, which require that any party wishing to raise a discovery dispute with the Court must confer in good faith and, if such process does not resolve the dispute, the party must submit a letter to the Court. Accordingly, Grassroots' motion should be stricken since it failed to comply with both of these prerequisites.

In addition, Grassroots' motion is premature. Fact discovery closed on November 11, 2019. Dkts. 338, 346, 398. As discussed at the December 16, 2019 default hearing and status conference, the Court permitted and ordered Grassroots to provide discovery and stayed the deposition in order to facilitate a meaningful settlement conference. Dec. 16, 2019 Hearing Tr. p. 14-17, Dkt. 415. Contrary to Grassroots' contention, the deposition notices were served in order to provide Grassroots with notice of the deposition in the event the matter was not resolved and its principal, Mr. Connolly, was in New York for the settlement conference. The deposition notices state in the very first sentence that the dates for the depositions are to be held "in connection with the settlement conference before Magistrate Judge Gorenstein which date is to be determined." Dkts. 432-3 and 432-4. Since Grassroots will not appear in person for the Settlement Conference, the deposition notices are currently moot. Most

importantly, since Grassroots is currently in default and its motion to re-open the default is currently stayed (Dkt. 415), any motion practice is a premature waste of the Court's resources.[1]

Plaintiffs respectfully request that the motion be stricken without prejudice or that a briefing schedule be entered after the upcoming Settlement Conference scheduled for January 31, 2020 (Dkt. 421) and a determination of the Defendant's request to open the default.

Respectfully submitted,

Shukat Arrow Hafer Weber
& Herbsman, LLP

_/s/ Dorothy M. Weber_____
Dorothy M. Weber
*Attorneys for Plaintiffs*

cc: Diana T. Mohyi, Esq. (via ECF)

In light of plaintiffs' representation that "[s]ince Grassroots will not appear in person for the Settlement Conference, the deposition notices are currently moot," the Court denies without prejudice defendant Grassroots Clothing's motion for a protective order regarding those same deposition notices, Dkt. 432, as moot. Plaintiffs are encouraged to abide by both the letter and the spirit of the Court's decision to stay any depositions in order to facilitate a meaningful settlement conference.
SO ORDERED.

_____
PAUL A. ENGELMAYER    1/21/2020
United States District Judge

---

[1] Plaintiffs have a myriad of reasons to oppose Grassroots' motion, including Grassroots' principal's claim that while he cannot travel, he appears to be planning a trip (or just recently traveled) to Telluride Ski Resort, more than 300 miles and more than 6 hour drive from his residence and place of business in Denver, Colorado, but these and other issues can be raised at an inquest or trial if the Settlement Conference is unsuccessful.