Dorothy M. Weber, Esq.
SHUKAT ARROW HAFER WEBER
& HERBSMAN, L.L.P.
494 Eighth Avenue, 6th Floor
New York, New York 10001
dorothy@musiclaw.com
(212) 245-4580
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company,

        Plaintiffs,

-against-

ANDREW PITSICALIS, an individual; LEON HENDRIX, an individual; PURPLE HAZE PROPERTIES, LLC, a Nevada Limited Liability Company; ROCKIN ARTWORK, LLC, a Nevada Limited Liability Company; CARMEN COTTONE a/k/a CARMEN THOMAS ANDOLINA a/k/a CARM COTTONE, an individual d/b/a PARTNERS AND PLAYERS, a New York Company and d/b/a DYNASTY GOURMET FOODS, a New York Company; C-LIFE GROUP, LTD., a New York Corporation; and BIC CORPORATION, a Connecticut corporation; FIREFLY BRAND MANAGEMENT, LLC, a California Limited Liability Company; FIREFLY CONSUMER PRODUCTS, INC., a California Corporation; CYNTHIA MODDERS, an individual; GRASSROOTS CLOTHING, LLC, d/b/a GRASSROOTS CALIFORNIA, a Colorado Limited Liability Company; KURT S. ADLER, INC., a New York Corporation; FREEZE, a division of CENTRAL MILLS, INC., and GREEN CURES & BOTANICAL DISTRIBUTION, INC.,

        Defendants.

-----------------------------------------------------------------x

Case No. 1:17-cv-1927(PAE)

## STIPULATED PROTECTIVE ORDER

The parties to this Action (the "Parties") hereby stipulate to the following Protective Order to apply to documents, information, and testimony produced or disclosed in this Action that contain trade secrets or other confidential or proprietary information.

## Definitions and Designation Procedures

1. <u>Confidential Information</u>. The Parties may designate as "Confidential," by stamping or by designating by other appropriate means, any documents, information or testimony produced in accordance with the Federal Rules of Civil Procedure or by agreement, including, without limitation, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations (collectively, "Material") containing any confidential, proprietary, and/or trade secret information ("Confidential Information").

2. <u>Confidential: Attorneys' Eyes Only Information</u>. The Parties also may designate as "Confidential: Attorneys' Eyes Only," by stamping or other appropriate means, any Material containing highly sensitive confidential, proprietary, and/or trade secret business, financial, or technical information including, for example, marketing information or plans, customer lists, vendor relationships, margins, costs, and the like, that would likely cause competitive damage if it were to be disclosed ("Confidential: Attorneys' Eyes Only Information").

3. <u>Time For Making Confidential Designations</u>.

    (a) Except as otherwise permitted under this Paragraph 3, designation of any Material as "Confidential" or "Confidential: Attorneys' Eyes Only" must be made before a copy of the Material is produced by one party to another party.

(b) If a party through inadvertence produces or provides any Material without designating it as "Confidential" or "Confidential: Attorneys' Eyes Only", the Producing Party may give written notice to the Receiving Party or Parties that the Material is "Confidential" or "Confidential: Attorneys' Eyes Only" and should be treated in accordance with the provisions of this Protective Order. The Receiving Party or Parties must treat such Material as "Confidential" or "Confidential: Attorneys' Eyes Only" from the date such notice is received. Disclosure of such Material prior to receipt of such notice to persons not authorized to receive "Confidential" or "Confidential: Attorneys' Eyes Only" Material shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the Material disclosed is "Confidential" or "Confidential: Attorneys' Eyes Only" and must be treated in accordance with this Protective Order.

(c) In the case of deposition transcript pages, the designating party must state on the record that the testimony is "Confidential" or "Confidential: Attorneys' Eyes Only"; in the alternative, information disclosed at a deposition may also be designated as "Confidential" or "Confidential: Attorneys' Eyes Only" by notifying all parties in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are to be so designated. All transcripts shall be treated as if designated "Confidential: Attorneys' Eyes Only" and subject to this Protective Order until expiration of such ten (10) business day period. Unless designated in accordance with this Paragraph, any confidentiality is waived unless otherwise stipulated or ordered. When Confidential Information or Confidential: Attorneys' Eyes Only Information is discussed, quoted or referred to in a deposition, the disclosing party shall ensure that only persons qualified to have access are present. In the event that any question asked at a deposition calls for or requires the disclosure of Confidential Information or Confidential: Attorneys' Eyes Only

Information, any party may request at the deposition that the portion of the deposition transcript relating to such question be treated as "Confidential" or "Confidential: Attorneys' Eyes Only." If so requested, the reporter shall mark each page of the transcript designated, or the entire transcript, as "Confidential" and/or "Confidential" Attorneys' Eyes Only," and any related exhibits, substantially as follows: "Confidential – Subject To Protective Order" or "Confidential: Attorneys' Eyes Only – Subject To Protective Order." Further, any media containing Confidential Information or Confidential: Attorneys' Eyes Only Information from the deposition, including computer disks, videotapes, DVDs, CDs, or other electronic media, also shall be clearly labeled in accordance with this Paragraph by the reporter.

### Access to Materials Designated Confidential Or Confidential: Attorneys' Eyes Only

4. <u>Access To Confidential Materials</u>. Materials designated "Confidential", and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this Action:

(a) officers or employees of each party having a need to know such information only for the purposes of this Action (subject to Paragraph 6, below);

(b) Counsel for the Parties (including in-house counsel) and their employees involved in the conduct of this Action;

(c) Experts and consultants retained by any of the Parties who have a need for such information to assist in this Action (subject to Paragraph 6, below);

(d) Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, coding, organizing, storing or retrieving data in any form or medium, etc.) and their employees and subcontractors ("Professional Vendors"), retained by Counsel for the Parties in connection with this Action;

(e) During deposition, to any deposition witness where necessary to the testimony of such witness (subject to Paragraph 6, below) (however, the Parties may not disclose "Confidential: Attorneys' Eyes Only" documents or information to persons to whom such information was not previously known, without the consent of the Producing Party or Court Order);

(f) The Court, Court personnel, court reporters, and similar personnel; or

(g) Any other person with the prior written consent of the Producing Party (subject to Paragraph 6, below).

5. <u>Access to Confidential: Attorneys' Eyes Only Materials</u>. Materials designated "Confidential: Attorneys' Eyes Only", and information contained therein, will be subject to the same protections as provided for Confidential Information set forth in Paragraph 4 above except that such Confidential: Attorneys' Eyes Only Information may not be shown to or used by: (i) any non-attorney described in Paragraph 4(a) above without prior written consent by the Producing Party; or (ii) persons described in Paragraph 4(c) above without following the procedure set forth in Paragraph 7, below; or (iii) Professional Vendors described in Paragraph 4(d) above, unless the Receiving Party shall advise counsel for the Producing Party of such intended disclosure no less than seven days prior to disclosure, during which time the Producing Party may seek emergency relief from the Court.

6. <u>Consent To Be Bound</u>. Prior to receiving, being shown or using Confidential Information or Confidential: Attorneys' Eyes Only Information, persons falling in the categories listed in Paragraph 4, other than subsections (b) and (e) thereof, must be shown a copy of this Protective Order, and must agree in writing (by signing the Acknowledgement attached hereto as Exhibit A), or orally on the record during deposition, to be bound by its terms.

7. Procedures Governing Experts And Consultants:

(a) Confidential Materials. Counsel desiring to disclose Materials designated "Confidential" to any expert (including consulting or testifying experts) must first obtain the signed Acknowledgement undertaking from that expert in the form that is attached hereto as Exhibit A. Each expert must designate any assistants who would require access to such Confidential Information and Counsel must obtain signed Acknowledgements from each of those designated assistants. Counsel must maintain these signed Acknowledgements and serve copies of them on opposing counsel as follows: (a) for testifying experts, at the time that Party discloses its expert witnesses, and (b) for non-testifying consultants, at the conclusion of the lawsuit.

(b) Confidential: Attorneys Eyes Only Materials. Counsel desiring to disclose Materials designated "Confidential: Attorneys' Eyes Only" to any expert must serve on opposing counsel a copy of a signed Acknowledgement for each expert and each expert's designated assistants (in the form that is attached hereto as Exhibit A). For a period of ten (10) calendar days after such service, Confidential: Attorneys Eyes Only Information may not be disclosed to the expert or designated assistants. Within the ten-day period, the Producing Party may serve a written notice of objection to disclosure of confidential information to the expert or designated assistants. If the party wishing to disclose "Confidential: Attorneys' Eyes Only" information to such an expert and/or designated assistants wishes to challenge such an objection, the party may file a motion with the Court challenging such objection. The burden of establishing that the disclosure of such information to the proposed expert and/or designated assistants will likely harm the Producing Party shall be upon the Producing Party. Further, if an objection is made and/or a motion is filed with the Court seeking the disclosure of such information to an expert and/or designated assistants, the Receiving Party shall not disclose any such information to the expert and/or designated

assistants until the Court has ruled upon the motion or the parties have otherwise agreed upon such disclosure in writing.

## Challenge To Designations

8. If a Receiving Party challenges the designation of any Material as "Confidential" or "Confidential: Attorneys' Eyes Only," the Party shall provide written notice of such challenge to the Producing party, and the Parties shall attempt to resolve any change in good faith. If the Parties continue to disagree after three business days of the date of the written notice is received as to whether particular Material should be subject to the terms of the Stipulated Protective Order, then the Producing Party may seek an order from the Court recognizing that particular Material should be subject to the Stipulated Protective Order. Such Material shall not be subject to the terms of the Stipulated Protective Order until a Court Order is issued. The Receiving Party shall not release the subject Material to any person who would not have access if the Material were to be protected until fourteen days after the Parties declare they cannot resolve the designation dispute. The burden of filing the motion and proving the need to protect the Material will be on the Party asserting that the Material is confidential and deserving of protection.

## Other Provisions

9. Filing Under Seal. All Materials filed with the Court that contain Materials designated "Confidential" or "Confidential: Attorneys' Eyes Only" must be filed under seal, unless the Court rules or otherwise provides.

10. Return of Materials. Upon completion of the Action and if requested by the Producing Party, the original and all copies of all Materials containing Confidential Information or Confidential: Attorneys' Eyes Only Information must be returned to counsel for the Producing Party or destroyed. The non-producing parties must provide to counsel for the Producing Party

a certificate reflecting such disposition. The Parties and their counsel will not be required to return any Material that was admitted into evidence at trial or that contains a non-producing party's own privileged communications or attorney work product. Further, the attorneys of record may retain one set of documents produced for archival purposes only.

11. <u>Scope of Protective Order</u>. Nothing in this Protective Order restricts any Party from using or disclosing its own Confidential Information or Confidential: Attorneys' Eyes Only Information for any purpose. Confidential Information or Confidential: Attorneys' Eyes Only Information shall not include any Material which:

(a) At the time of the disclosure hereunder is available to the public; or

(b) After disclosure hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or the Receiving Party can show: (i) was already known to the Receiving Party; (ii) was independently developed by the Receiving Party; or (iii) was received by the Receiving Party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

12. <u>Retention of Jurisdiction</u>. The Parties and any other person subject to the terms of this Protective Order agree that the Court has and retains jurisdiction during and after this Action is terminated for the purpose of enforcing this Protective Order. The obligations of this Protective Order shall survive the termination of the Action and continue to bind the Parties.

13. <u>Application to the Court</u>. This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any

Confidential Information or Confidential: Attorneys' Eyes Only Information or to apply for an order modifying or limiting this Protective Order in any respect.

Dated: 1/23/2020

**SHUKAT ARROW HAFER WEBER & SMAN, LLP**

By: *Dorothy M. Weber*
Dorothy M. Weber
49 Eighth Avenue, Sixth Floor
New York, NY 10001
T: (212) 245-4580
F: (212) 956-6471
dorothy@musiclaw.com

*Attorneys for Plaintiffs*

Diana Mohyi Attorney at Law P.C.

By: _____
Diana T Mohyi, Esq.
319 East 8th Street, 1B,
New York, New York, 10009
T: 248-910-6352
DTMohyi c gmail.com

*Attorney for GRASSROOTS CLOTHING, LLC,
d/b a GRASSROOTS CALIFORNIA, a
Colorado Limited Liability Company*

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Dated: January 28, 2020
New York, NY