UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
EXPERIENCE HENDRIX, LLC, et al.,                          :
                                                          :
                                        Plaintiffs,       :     17 Civ. 1927 (PAE) (GWG)
                    -v-                                   :
                                                          :     OPINION & ORDER
LEON HENDRIX, CARMEN COTTONE,                             :
and GREEN CURES AND BOTANICAL                             :
DISTRIBUTION, INC.,                                       :
                                                          :
                                        Defendants.       :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

This case was referred to the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, for a damages inquest following the Court's entry of default judgment as to liability against defendants Leon Hendrix ("Hendrix"), Carmen Cottone ("Cottone"), and Green Cures and Botanical Distribution, Inc. ("GRCU"). *See* Dkts. 418, 423. Before the Court is the July 1, 2020 Report and Recommendation of Judge Gorenstein, recommending that the Court award plaintiffs the following damages: (1) from defendant Hendrix, $240,000 in trademark damages, $125,000 in copyright damages, $36,445.19 in attorneys' fees, and $573.34 in costs; (2) from defendant Cottone, $30,000 in trademark damages, $7,156.92 in attorneys' fees, and $614.20 in costs; and (3) from defendant GRCU, $13,900.25 in attorneys' fees and $2,491.60 in costs. Dkt. 456 ("Report"). Judge Gorenstein further recommends that the Court enter plaintiffs' requested injunctive relief against each of these defendants. *Id.*; *see also* Dkts. 441-1, 442-1, 442-2. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts Judge Gorenstein's recommendations in their entirety.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections." Report at 37. On July 7, 2020, plaintiffs filed an affidavit of service on the docket, indicating that the three defendants were served by mail on July 6, 2020. *See* Dkt. 457. More than 17 days have passed since the defendants were served with the Report. *See* Federal Rule of Civil Procedure 6(d) (allowing three additional days when service is made by mail). The parties' failure to object therefore operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court awards plaintiffs the following money damages: (1) from defendant Hendrix, $240,000 in trademark damages, $125,000 in copyright damages, $36,445.19 in attorneys' fees, and $573.34 in costs; (2) from defendant Cottone, $30,000 in trademark damages, $7,156.92 in attorneys' fees, and $614.20 in costs; and (3) from defendant GRCU, $13,900.25 in attorneys' fees and $2,491.60 in costs. *See* Report at 37. The Court will separately enter the injunctive relief against each of these defendants as recommended by Judge Gorenstein. *Id.*

* * *

With the entry of this order and the related injunctions, it is the Court's understanding that this case has finally reached its conclusion. The Court will give the parties until August 5, 2020 to file a letter, if necessary, identifying any further action required by the Court. If the Court does not receive such a letter, it will thereafter close this case.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: July 24, 2020
       New York, New York

3