UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company, | Case No.: 1:17-cv-1927 (PAE)(GWG) |
| Plaintiffs, | |
| -against- | |
| ANDREW PITSICALIS, an individual; LEON HENDRIX, an individual; PURPLE HAZE PROPERTIES, LLC, a Nevada Limited Liability Company; ROCKIN ARTWORK, LLC, a Nevada Limited Liability Company; CARMEN COTTONE a/k/a CARMEN THOMAS ANDOLINA a/k/a CARM COTTONE, an individual d/b/a PARTNERS AND PLAYERS, a New York Company and d/b/a DYNASTY GOURMET FOODS, a New York Company; FIREFLY BRAND MANAGEMENT, LLC, a California Limited Liability Company, FIREFLY CONSUMER PRODUCTS, INC., a California Corporation, CYNTHIA MODDERS, an individual,; GRASSROOTS CLOTHING, LLC d/b/a GRASSROOTS CALIFORNIA, a Colorado Limited Liability Company, FREEZE , a division of CENTRAL MILLS, INC., and GREEN CURES & BOTANICAL DISTRIBUTION, INC., | |
| Defendants. | |

------------------------------------------------------------------x

## **ORDER OF PERMANENT INJUNCTION**

Plaintiffs Experience Hendrix, L.L.C., a Washington Limited Liability Company, and Authentic Hendrix, LLC, a Washington Limited Liability Company ("Plaintiffs"), having filed a Complaint on March 16, 2017, an Amended Complaint on April 26, 2017, a Second Amended Complaint on May 31, 2017, and a Third Amended Complaint on April 25, 2018;

WHEREAS, on December 9, 2019, the Court issued an order granting Plaintiffs' motion, issued terminating sanctions against Leon Hendrix and instructed the Clerk of Court to enter a default judgment against Leon Hendrix (Dkt. 398);

2794527.1

WHEREAS, on December 10, 2019, the Clerk of Court entered a default judgment as to liability in favor of Plaintiffs' against Leon Hendrix (Dkt. 402);

WHEREAS, on February 3, 2020 Plaintiffs served and filed their Proposed Findings of Fact and Conclusions of Law in connection with their damages and other monetary relief, in accordance with the Court's Scheduling Order dated January 13, 2020 (Dkt. 426) and upon which the Court conducted its inquest on damages as to Leon Hendrix;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that injunctive relief is granted in favor of Experience Hendrix, LLC and Authentic Hendrix, LLC (collectively, the "Hendrix Companies" or "Plaintiffs"), and that the Defendant Leon Hendrix, his corporate entities, successors, assignees, designees, officers, directors, employees, agents, partners, representatives, affiliates, and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are perpetually restrained and enjoined as follows:

**PERMANENTLY ENJOINED FROM:**

1. Using the name "Jimi Hendrix", the name "Jimi", the name "Hendrix", in any configuration; using any Hendrix registered or pending trademarks that incorporate the name, image or likeness of Jimi Hendrix or the words Jimi or Hendrix (hereinafter collectively "Hendrix Marks"); using any of Hendrix copyrighted material (including, but not limited to, Jimi Hendrix's voice, audio recordings, film footage and/or music, or any part or portion thereof; using a song title or song lyrics written by Jimi Hendrix or performed by Jimi Hendrix or any part thereof associated with Jimi Hendrix) (hereinafter "Hendrix Copyrighted Material") or any image, likeness or signature of Jimi Hendrix, all whether claimed to be fair use or otherwise, in any manner, including but not limited to the sale, naming, identifying, offering for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service, or in connection with any goods and services;

2. Using the name and words and marks "Jimi", "Hendrix" and/or "Jimi Hendrix", including but not limited to the trademarked Jimi Hendrix signature or any script signature of any kind or nature; and/or the Jimi Hendrix signature from the album *Axis: Bold as Love* or any variation thereof in any script, in any manner, including but not limited to the sale, naming, identifying, offering for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service or business name;

3. Preparing or assisting anyone in the preparation of any interviews, books, articles, television or motion picture productions or other creation of any kind or nature whatsoever directly, or indirectly by implication, concerning or relating to Jimi Hendrix, Janie Hendrix, Al Hendrix or any Hendrix family member ("the Hendrix Family"), Plaintiffs, this action, any other action between the Defendants Andrew Pitsicalis and Leon Hendrix, including, without limitation, any material concerning any person, whether or not fictional, whom any member of the public could or might associate with Jimi Hendrix, the Hendrix Family, and/or Plaintiffs (regardless of whether or not there shall appear any disclaimer purporting to dissociate such fictitious person with Jimi Hendrix, and/or Plaintiffs or the Hendrix Family);

4. Engaging or causing any third party to engage in any other activities constituting trademark infringement, of every kind or nature, unfair competition, trademark dilution, trademark disparagement or any other violation of the Hendrix Marks and Hendrix Copyrighted Material listed above in paragraph 1;

5. Aiding, abetting, encouraging or inducing any third party to do any of the acts enjoined; and

6. Holding himself out in any manner whatsoever as being licensed by, associated with, or in any manner affiliated with Hendrix or Jimi Hendrix, directly or indirectly.

7. The ownership of the following having already been transferred to the Plaintiffs (Dkt. 365), Leon Hendrix is specifically and permanently enjoined from using or holding himself out in any manner in connection with:

(a) All past, present and future worldwide rights, including rights alleged to have been established in Court ruling(s), in Purple Haze Properties and Rockin Artwork brands and all associated brands and sub-brands, including ownership of Purple Haze Radio a/k/a Purple Haze Dash Radio, Purple Haze Multimedia, the Purple Haze "dispensary" in South Africa, and any related bitcoin and/or cryptocurrency businesses;

(b) All permits, licenses, authorizations, registrations, consents and approvals (collectively, the "**Permits**") relating to the business or assets of the Debtors[1] (the "**Business**"), whether governmental or otherwise, to the extent they are assignable or transferable in connection with the Transaction;

(c) All of Debtors' and their respective Estates' past, present and future rights, titles and interests in and to any intellectual property owned or licensed (as licensor or licensee) by Debtors and/or their respective Estates or in which Debtors and/or their respective Estates have a proprietary interest, including Sellers' names, all assumed fictional business names, trade names, registered and unregistered trademarks and pending trademark applications, service marks, logos, slogans, trade dress and the like, all goodwill associated therewith, and registrations or applications therefor, as set forth in the bankruptcy schedules filed by the Debtors in their respective bankruptcy proceedings, copies of which are attached hereto and made part hereof, including, but not limited to, all Rockin Artwork and Purple Haze Properties marks or business names (Properties,

---

[1] The term "Debtors" refers to Defendants Andrew Pitsicalis, Purple Haze Properties, LLC and Rockin Artwork, LLC, or as otherwise defined in the Settlement Agreement so-ordered by the Bankruptcy Court.

Lounges, Radio, Media, etc.) and anything else related to "Hendrix", "Jimi", "Jimi Hendrix" and Jimi Hendrix song titles, album titles or song lyrics;

(d) Purple Haze Properties (and Lounges, Radio, Media, etc.) and Rockin Artwork websites, Social Media, Streaming Service Accounts (Spotify, iTunes, etc.);

(e) IP/Image Dashboard and contents (including passwords) including but not limited to:

    a. Believed to be located at: http://www.purplehazeproperties.com/dashboard

    b. Photos and artistic renderings;

(f) Copyrights in Jimi Hendrix artwork created by David Garibaldi and others owned by any of the Debtors and/or their respective Estates;

(g) Photographic rights owned by any of the Debtors and/or their respective Estates, including, but not limited to, work by Leonard Eisenberg and others;

(h) All common law trademarks;

(i) All of the Debtors' and/or their respective Estates' rights to license or otherwise use Jimi Hendrix song titles;

(j) All intellectual property rights under any Jimi Hendrix license shall revert to Buyers, including agreements with licensing agent Firefly and Cynthia Modders;

(k) All rights, title and interest in and to common law and business name rights in Rockin Artwork, Purple Haze Properties, Purple Haze Radio, Purple Haze Dash Radio, Purple Haze Design Studio, Purple Haze Designs, Purple Haze Lounges, Purple Haze Dispensary, Crosstown Traffic Holdings, except to the extent that the Seller may continue to use such names in court pleadings, reports, tax returns, or any other documents required by any governmental agencies, and to

<ul>
<li>administer and monetize the assets excluded from the definition of Purchased Assets;</li>
<li>(l) To the extent not already contemplated herein, ownership of the Purple Haze Radio/Purple Haze Dash Radio entity (except radio station equipment), archives of Purple Haze Radio/Purple Haze Dash Radio, and artwork purportedly owned by Purple Haze Radio/Purple Haze Dash Radio;</li>
<li>(m) All of the Debtors and/or their respective Estates' right, title and interests in and to Jimi Hendrix Artwork and inventory of limited edition prints or posters, including:
  <ol type="a">
    <li>Artwork and rights acquired or purchased from Virgil Thermin;</li>
    <li>Original artwork(s) or other reproductions by artists as part of (f) and (g) above;</li>
  </ol>
</li>
<li>(n) The passwords to and transfer of control over the Debtors' Gmail accounts:
  <ol type="a">
    <li>rockinartwork@gmail.com</li>
    <li>purplehazeprop@gmail.com;</li>
  </ol>
</li>
<li>(o) Ownership and rights in and to *A Brother's Story* by Leon Hendrix, owned in perpetuity by Rockin Artwork and/or Purple Haze Properties;</li>
<li>(p) All files from the Margolin & Lawrence law firm for Rockin Artwork and/or Purple Haze in connection with the use of Jimi Hendrix song titles or song lyrics, and the rights to those businesses (*i.e.*, Crosstown Traffic Holdings, LLC, joint ventures for Purple Haze Lounges, and the like);</li>
<li>(q) All Jimi Hendrix related materials not already contemplated herein;</li>
<li>(r) Rockin Artwork' and/or Purple Haze's computer hard drives, iPhones, laptops, iPads;</li>
</ul>

  (s)  High Times and other cannabis cup trophies, signage, awards, trade show banners and/or anything that references the business names which incorporate Buyers' trademarks; and;

  (t)  All of the Sellers' claims, rights, proceeds or recoveries as against third parties related to, or stemming from, any Purchased Assets.

 8. **IT IS FURTHER ORDERED** that, the Plaintiffs shall not be required to post any bond with the Clerk of the Court.

  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**:

 1. that this Court retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce injunction;

 2. that this injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.


Dated: July 24, 2020
   New York, NY


       **SO ORDERED:**

       *Paul A. Engelmayer*
       Hon. Paul A. Engelmayer
       United States District Judge