UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC,

                        Plaintiffs,

               -v-

LEON HENDRIX, CARMEN COTTONE, and GREEN CURES AND BOTANICAL DISTRIBUTION, INC.,

                        Defendants.

17 Civ. 1927 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, District Judge:

On October 19, 2020, plaintiffs filed a motion for an order of civil contempt against defendant Leon Hendrix and non-parties Tina Hendrix and Hendrix Music Academy. Dkt. 468. On October 20, 2020, the Court ordered plaintiffs to serve this order and their papers in support of their motion on Leon Hendrix, Tina Hendrix, and Hendrix Music Academy, and to file proof of this service no later than October 26, 2020. Dkt. 471. The Court also ordered that Leon Hendrix and non-parties Tina Hendrix and Hendrix Music Academy serve any opposition to the motion by November 9, 2020. *Id.* The Court found that the affidavits of service that the plaintiffs filed were insufficient to reliably persuade the Court that legally effective service was made. Dkt. 480. On November 12, 2020, the Court ordered the plaintiffs to file a letter explaining, as to each of the three persons or entities as to whom service was attempted, why service was effective. *Id.* On November 20, 2020, plaintiffs filed a letter explaining why they believed that legally effective service had been made, and in the alternative, requested leave to serve the alleged contemnors by alternative service via email. Dkt. 482 ("Pl. Letter.").

**I.     Leon Hendrix**

Federal Rule of Civil Procedure 4 provides, *inter alia,* that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located, Fed. R. Civ. Proc. 4(e).  The Court finds that defendant Leon Hendrix has been properly served with the contempt motion.  The papers were served at his residence upon his roommate who is of suitable age and discretion to receive service, and a copy was sent via USPS Priority mail at that address. Dkts. 474, 497-3; N.Y. C.P.L.R. § 308(2) ("Personal service upon a natural person shall be made by . . . delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known . . . .").

**II.    Tina Hendrix and Hendrix Music Academy**

Defendants Tina Hendrix and Hendrix Music Academy have the same listed address in Washington State, 2005 Davis Avenue, S. Renton, Washington 98055 ("Renton address").  Pl. Letter.  Tina Hendrix is the registered agent of Hendrix Music Academy.  Pl. Letter at 2.  Service was attempted at that address three times.  *Id*.  The process server served Tina Hendrix's 14-year old grandson with the papers during one attempt at service.  Pl. Letter at 5.  During the two other attempts at service, an adult was at the residence, but service was refused and the process server left the papers at the front door at the Renton address.  Dkts. 476, 477.  The plaintiffs also sent the papers via USPS Priority Mail to that address.  *Id.*

The Court is not solidly persuaded that the efforts to serve Hendrix Music Academy and Tina Hendrix have resulted in proper service.  The Court therefore considers whether recourse to alternative means of service is warranted.  Plaintiffs, the Court finds, have shown that traditional

2

service of these two defendants is impracticable and that service via email at Renton address comports with the requirements of due process.

A.   **Impracticability**

Federal Rule of Civil Procedure 4(e) provides, *inter alia,* that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located, and that a corporation, partnership, or association can be served in the same manner. Fed. R. Civ. Proc. 4(e)(1) (h).   New York state law provides a number of approved methods of service, and further provides that service may be effectuated "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other specified methods of service.  N.Y. C.P.L.R. § 308(5). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Noble v. Crazetees.com*, No. 13 Civ. 5086 (PAE), 2014 WL 12792236, at *1 (S.D.N.Y. Jan. 28, 2014) (quoting *Shamoun v. Mushlin*, No. 12 Civ. 03541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013)).

The plaintiffs here have more than shown the impracticability of traditional service—the plaintiffs have shown that actual prior attempts, performed with due diligence, have been unsuccessful.  The Renton address does appear to be Tina Hendrix's residence; she was sent her mail-in ballot for the November 3, 2020 election at the Renton address, and she then voted via that mail-in ballot.   Pl. Letter.at 2.   And Hendrix Music Academy noted this same Renton address on its October 20, 2020 Secretary of State filing as the address for both its Registered Agent, Tina Hendrix, and its principal place of business.  *Id.* at 3.  And service was attempted numerous times this addresses.  But, twice, when adults were present at this address and service was attempted, service was refused.  Pl. Letter.

3

In sum, given the plaintiffs' "demonstrated inability to effectuate service through traditional means, the Court concludes that service pursuant to the particular methods specified by New York State law is impracticable and that alternative service is appropriate." *Noble*, 2014 WL 12792236, at *2 (quoting *Shamoun*, 2013 WL 91705, at *2).

### B. Due Process

The Plaintiffs' proposed service via email comports with due process. Due process requires "that the method of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). The plaintiffs have identified the email address via which service can be made on Tina Hendrix and the Hendrix Music Academy, tinahendrix1@yahoo.com. Pl. Letter. As Tina Hendrix has already contacted the Court via this email address, it is substantially reasonable to assume that emails sent to that address will reach the defendants. As a result, the proposed service via email comports with the requirements of due process.

### CONCLUSION

The Court therefore grants the plaintiffs leave to effectuate the proposed alternative means of service on Tina Hendrix and Hendrix Music Academy. The Court directs the plaintiffs to serve a copy of the plaintiffs' papers in support of their contempt motion and this Order on these two defendants by email and to file proof of that service on ECF. Defendants Tina Hendrix and Hendrix Music Academy will have two weeks after such service is made to respond.

SO ORDERED.

*Paul A. Engelmayer*
_____
       PAUL A. ENGELMAYER
       United States District Judge

Dated: November 23, 2020
       New York, New York