UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPERIENCE HENDRIX, LLC and AUTHENTIC
HENDRIX, LLC,

                        Plaintiffs,

                        -v-

LEON HENDRIX, et al.,

                        Defendants.

17 Civ. 1927 (PAE) (GWG)

ORDER

PAUL A. ENGELMAYER, District Judge:

      In October 2019, after contentious litigation, this Court issued a series of opinions, orders, and permanent injunctions with respect to plaintiffs' rights in connection with trademarks and copyrights associated with the late musician Jimi Hendrix. These bound, among others defendant Leon Hendrix and corporate entities affiliated with him. *See, e.g.,* Dkts. 366, 370. On October 19, 2020, plaintiffs moved for civil contempt against Leon Hendrix and two non-parties to the original Complaint: Leon Hendrix's daughter Tina Hendrix and Hendrix Music Academy ("HMA"), for violating the Court's permanent injunctions. Dkt. 468. On January 11, 2021, the Court found Leon Hendrix, Tina Hendrix, and HMA in contempt, ordered them to comply with the injunctions, and awarded plaintiffs monetary relief for the violations it had found. Dkt. 496 ("Opinion").

      In their contempt motion, plaintiffs also sought reimbursement for the reasonable attorneys' fees and costs they had incurred in enforcing this Court's permanent injunctions, including in bringing the contempt motion. Dkt. 469 at 23. Plaintiffs asked that Leon Hendrix, in particular, be ordered to reimburse the fees and costs they had incurred in pursuing the

contempt motion and otherwise enforcing the injunction against him. *See* Dkt. 491 at 10. The Court found that such an award appropriate, limited to fees and costs incurred in connection with bringing the contempt motion. Dkt. 496 at 19. The Court accordingly ordered Leon Hendrix to reimburse plaintiffs for the fees and costs they had thus incurred, and for plaintiffs' counsel to submit documentation of these fees and costs by January 21, 2021. *Id.* On January 21, 2021, plaintiffs' counsel submitted the requested documentation and a related declaration. Dkt. 489.

A court may award attorneys' fees and costs in connection with a contempt order. *See Al Hirschfeld Found.*, 438 F. Supp. 3d at 207–08 ("[T]he purpose of compensatory sanctions is to make reparation to the injured party and restore the parties to the position they would have held had the [order] been obeyed. The court may, however, serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." (second alteration in original) (quotations and citations omitted)). An award of "the costs of prosecuting [a] contempt motion, including reasonable attorney's fees . . . is appropriate only where the contemnor had actual notice of the Court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001) (quotations omitted). In its Opinion, the Court found that such is so here. Opinion at 19.

The Court has carefully reviewed the materials submitted by plaintiffs in support of their fee request. The Court also independently assessed the reasonableness of plaintiffs' time and expense outlays. In so doing, the Court has drawn on its familiarity with this case as well as with commercial litigation in this District, including as to customary billing rates and practices. The Court finds that the plaintiffs' time entries are reasonable. They are detailed and appear not to reflect any duplicative effort. In addition, the Court is satisfied that plaintiffs' requested rates are

well within the range of rates prevailing in this district for attorneys of similar expertise. *See* Dkt. 213 (approving similar rates in this litigation); *Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287 (PAE), 2015 WL 1840264, at *3 (S.D.N.Y. Apr. 21, 2015). The Court thus approves as reasonable the billing rates of all timekeepers. The Court also finds the expenditures for service of process for which plaintiffs seek reimbursement to have been reasonably incurred.

The Court accordingly orders that defendant Leon Hendrix compensate plaintiffs for the following amounts: (1) for the work of Dorothy M. Weber, $6,325; for the work of Joseph M. Conley, $9,262.50; and for the work of Andrew Dunn, $1,250—for a total of $16,837.50; (2) for the costs for personal service of the contempt papers and the Court's October 20, 2020 Order on Leon Hendrix, $636.34. *See* Dkt. 498 at 5. The Court directs that plaintiffs serve this Order on Hendrix promptly and thereupon to file an affidavit attesting to such service on the docket of this case. Hendrix is ordered to pay the sums herein within two weeks of the date of service.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 25, 2021
       New York, New York