UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXPERIENCE HENDRIX, LLC and AUTHENTIC HENDRIX, LLC,<br><br>         Plaintiffs,<br><br>    -v-<br><br>LEON HENDRIX, et al.,<br><br>         Defendants. | 17 Civ. 1927 (PAE) (GWG)<br><br><u>OPINION &<br>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

  This case was brought in March 2017 by the owners of copyrights and trademarks associated with the late singer and songwriter Jimi Hendrix, claiming acts of infringement by various corporate and individual defendants, including Hendrix's brother Leon Hendrix. Dkt. 1.  Plaintiff Experience Hendrix, LLC owns the musical compositions and sound recordings of Jimi Hendrix, and is the assignee, and exclusive owner, of the copyright and trademark rights previously owned by Jimi Hendrix.  *See* Dkt. 456 at 5.  Plaintiff Authentic Hendrix LLC is the licensing arm of Experience.  *Id.*  After contentious litigation, the Court issued a series of opinions, orders, and permanent injunctions with respect to plaintiffs' rights over these trademarks and copyrights, which bound, *inter alia*, defendants Leon Hendrix, Leon Hendrix's business partner Andrew Pitsicalis, and related corporate entities, Dkts. 366, 370.  On August 6, 2020, the Court closed this case.  Dkt. 466.

  On October 19, 2020, plaintiffs moved for civil contempt against Leon Hendrix and two non-parties to the original Complaint.  Dkt. 468.  On January 11, 2021, the Court found Leon Hendrix in contempt.  Dkt. 496 at 17.  The Court then, "to immediately protect the plaintiffs'

intellectual property and in the interest of divesting the defendants of gains received through violative conduct," ordered Leon Hendrix to cease and desist from all conduct already prohibited by the permanent injunctions and, within 60 days of the order, to provide a sworn affidavit complying with the Court's directives and stating his intent to abide by the permanent injunctions.  *Id.*  The Court stated that "[g]iven Leon Hendrix's history of noncompliance, the Court finds that a fine will be appropriate if he continues to ignore this Court's orders aimed at protecting plaintiffs' intellectual property rights.  Accordingly, if by 60 days from the date of this Order, Leon Hendrix has not complied with the foregoing directives, he must pay a penalty of $100 per day to plaintiffs."  *Id.* at 17–18.

On March 29, 2021, the Court received a letter from plaintiffs notifying the Court that although the 60-day deadline for Leon Hendrix to file the sworn affidavit indicating he was complying with the Court's Order passed on March 12, 2021, no such affidavit was filed.  Dkt. 520.  Plaintiffs note that on March 15, 2021 they emailed Leon Hendrix as to his failure to file the affidavit, received a response from Leon Hendrix's counsel on March 16, and have spoken with his counsel since.  *Id.* at 1.  These communications, along with social medial posts that Leon Hendrix has made referencing the Court's contempt order, *see* Dkt. 520, Ex. 1, demonstrate that he was well aware of the Court's order.  Accordingly, beginning on March 13, 2021, Leon Hendrix has owed a penalty of $100 per day to plaintiffs, and these daily penalties will continue to accrue until Leon Hendrix files the Court-ordered affidavit. This payment is intended to obtain Leon Hendrix's compliance with this outstanding order.

Plaintiffs also seek leave to serve Leon Hendrix with any future orders and papers via email at [leon.hendrix1@icloud.com](mailto:leon.hendrix1@icloud.com) ("icloud email"), the email address to which plaintiffs wrote to Mr. Hendrix on March 15, 2021, after which they received an email from Leon

Hendrix's counsel on March 16, 2021 stating that "[Mr. Hendrix] has forwarded me your recent correspondence dated March 15, 2021." Dkt. 520 at 1. Leon Hendrix has also listed this email address on his Instagram account as "my email." *Id.* at 2. Plaintiffs seek leave to make alternative service because, insofar as Leon Hendrix has publicly stated on his Instagram that he is "on the run avoiding [Plaintiffs'] process servers and lawyers," there is good reason to anticipate that future attempts at personal service will prove challenging. *Id.*, Ex. B. The Court therefore finds good reason to permit alternative service, and because Hendrix has, through his attorney, acknowledged receipt of plaintiff's correspondence to that email address, and posted it on his social media account as his email address, it is reasonable to assume that emails sent to that address will reach him. Accordingly, the Court grants the plaintiffs leave to make future service to Leon Hendrix via his icloud email address. The Court directs plaintiffs to serve this Order on Leon Hendrix and his counsel forthwith, and promptly thereafter to file, on the docket of this case, an affidavit attesting to such service.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 1, 2021
       New York, New York

3